**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

| | | |
|---|---|---|
| **ATLAS GLOBAL TECHNOLOGIES LLC** | § | **Civil Action No. 6:21-cv-818** |
| **Plaintiff,** | § | **Jury Trial Requested** |
| **v.** | § | |
| **SERCOMM CORPORATION,** | § | |
| **Defendant.** | § | |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff, Atlas Global Technologies LLC ("Atlas"), for its Complaint against Defendant Sercomm Corporation ("Sercomm"), requests a trial by jury and alleges as follows upon actual knowledge with respect to itself and its own acts and upon information and belief as to all other matters:

## NAUTRE OF THE ACTION

1. This is an action for patent infringement brought by Atlas as the owner of the patents asserted in this Complaint. Atlas alleges that Sercomm infringes U.S. Patent Nos. 9,763,259 ("the '259 Patent") (Ex. A); 9,825,738 ("the '738 Patent") (Ex. B); 9,912,513 ("the '513 Patent") (Ex. C); 9,917,679 ("the '679 Patent") (Ex. D); 10,020,919 ("the '919 Patent") (Ex. E); 10,756,851 ("the '851 Patent") (Ex. F); and 9,531,520 ("the '520 Patent") (Ex. G) (collectively, the "Asserted Patents"), copies of which are attached hereto as Exhibits A-G.

2. Atlas alleges that Sercomm both directly and indirectly infringes each of the Asserted Patents by making, using, offering for sale, selling and/or importing the Accused Products described below, in the United States without a license to do so. Atlas further alleges that Sercomm induces infringement by other third parties through their use of the Sercomm Accused Products as directed and instructed by Sercomm. Atlas seeks damages and other compensatory relief for Sercomm's prior and continued infringement of the Asserted Patents.

## THE PARTIES

3. Atlas is a limited liability company organized under the laws of Texas with its principal place of business at 4413 Spicewood Springs Rd., Suite 101, Austin, TX 78759.

4. Atlas is the assignee and owner of the Asserted Patents through assignment on February 19, 2021, from Newracom, Inc., ("Newracom") to Atlas. Newracom was the original owner of the Asserted Patents through assignment from the named inventors.

5. On information and belief, Defendant Sercomm is a Taiwanese corporation with its principal place of business at 8F, No. 3-1, YuanQu St. (Nankang Software Park), Taipei 115, Taiwan.

## JURISDICTION

6. This is an action arising under the patent laws of the United States, 35 U.S.C. §§ 1, *et seq*. Accordingly, this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

7. This Court has personal jurisdiction over Sercomm. Atlas is informed and believes, and on that basis alleges, that Sercomm conducts business and has committed acts of patent infringement and/or has induced acts of patent infringement by others in this judicial district, the State of Texas, and elsewhere in the United States. Sercomm has purposefully directed infringing activities at residents of the State of Texas, and this litigation results from those infringing activities. Sercomm regularly sells (either directly or indirectly), its products within this district. For example, Sercomm has placed and continues to place infringing products into the stream of commerce via an established distribution channel with the knowledge or understanding that such products are being and will continue to be sold in this Judicial District and the State of Texas. Sercomm is subject to this Court's specific and/or general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute, due at least to its substantial and pervasive business in this State and judicial district, including at least part of its infringing activities alleged herein and deriving substantial revenue from goods sold to Texas residents.

8. Sercomm has admitted it is subject to personal jurisdiction in this judicial district in other cases. *See BE Labs, Inc. v. Sercomm Corp.*, 6:21-cv-72-ADA (W.D. Tex.), Dkt. 17 at §6.

## VENUE

9. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1400(b), 28 U.S.C. § 1391(c), and *Brunette Mach. Works, Ltd. v. Kockum Indus., Inc.*, 406 U.S. 706 (1972).

10. Sercomm has admitted that venue is proper in this judicial district in other cases. *See BE Labs, Inc. v. Sercomm Corp.*, 6:21-cv-72-ADA (W.D. Tex.), Dkt. 17 at §7.

## THE 802.11 STANDARD

11. Wireless Local Area Networks (WLANs) have become ubiquitous with the rise of mobile telecommunication devices. These wireless networks operate using an unlicensed band of 2.4 GHz, 5 GHz, and/or 6 GHz. The operation of WLANs is standardized by the Institute of Electrical and

Electronics Engineers ("IEEE") Part 11 under the name of "Wireless LAN Medium Access Control (MAC) and Physical Layer (PHY) Specifications," also known as "Wi-Fi."

12. After an original Wi-Fi standard was published in 1999, new standard versions have been published by amendments. For example, the IEEE standard 802.11a (IEEE Std 802.11a-1999) was published in 1999, the IEEE standard 802.11b (IEEE Std 802.11b-1999) was published in 1999, and the IEEE standard 802.11g (IEEE Std 802.11g-2003) was published in 2003. Subsequently, the IEEE standard 802.11n (IEEE Std 802.11n-2009) for enhancements for higher throughput (HT) was published in 2009, and the IEEE standard 802.11 ac (IEEE 802.11 ac-2013) for enhancements for very high throughput (VHT) was published in 2013. These prior versions of the 802.11 standard are called legacy standards.

13. As wireless devices proliferated, the need arose to improve the performance of Wi-Fi in high-density scenarios. To address this issue, an IEEE task group began working on a new standard high efficiency (HE) WLAN to enhance the throughput-per-area of Wi-Fi. This standard became known as 802.11ax, commonly called "Wi-Fi 6." The first draft of the 802.11ax Standard was published in March 2016. The IEEE approved the final version of the 802.11ax-2021 Standard on February 9, 2021.

14. Wi-Fi 6 provides numerous benefits over previous Wi-Fi standards, which the industry has recognized and actively promoted. For example, Qualcomm has stated that Wi-Fi 6 provides "up to 4x increase in capacity," "higher efficiency," and "improved coverage & performance" over previous Wi-Fi standards. https://www.qualcomm.com/media/documents/files/802-11ax-wi-fi-with-unprecedented-capacity.pdf. Intel has stated that Wi-Fi 6 offers 9.6 Gbps of maximum throughput, whereas Wi-Fi 5 offered a maximum throughput of 3.5 Gbps. https://www.intel.com/content/www/us/en/gaming/resources/wifi-6.html. Intel has also stated that Wi-Fi 6 can result in up to 75% less latency. *Id.* Cisco has stated that Wi-Fi 6 "lets access points support more clients in dense environments and provide[s] a better experience for typical wireless LAN networks." https://www.cisco.com/c/en/us/products/collateral/wireless/white-paper-c11-740788.html.

## NEWRACOM

15. The Asserted Patents were all invented and developed by engineers at Newracom, a leader and pioneer in wireless communication technology. Newracom was founded in 2014 by a group of 28 former employees of the Electronics & Telecommunications Research Institute ("ETRI"), a research institution funded by the government of Korea.

16. Newracom was a major contributor to the 802.11ax-2021 Standard, providing numerous technical contributions to that Standard which have proven to be highly beneficial in improving the bandwidth of wireless transmissions, while minimizing latency among the devices connected to the wireless local area network. Notably, Newracom has been acknowledged as one of the leaders in both number of technical submissions and the number of submissions ultimately adopted by the 802.11ax Task Group. According to an IAM Industry Report dated April 25, 2018, Newracom was recognized as the world's fourth most active technical contributor to the 802.11ax Standard, behind only Qualcomm, Intel, and Huawei. *See* https://www.iam-media.com/ieees-empirical-record-success-and-innovation-following-patent-policy-updates. The contributions provided by Newracom have led to over 175 United States patents relating to the 802.11ax Standard.

## SERCOMM'S KNOWLEDGE OF NEWRACOM'S PATENTS

17. Sercomm has known that Newracom possessed patents relating to the 802.11ax Standard since at least March 11, 2015. On that date, Newracom submitted a Letter of Assurance for Essential Patent Claims ("LOA") to the IEEE. In the LOA, Newracom stated that it "may own, control, or have the ability to license Patent Claims that might be or become Essential Patent Claims."

## SERCOMM'S USE OF THE PATENTED TECHNOLOGY

18. On information and belief, Sercomm makes, uses, sells, and/or offers to sell in the United States, and/or imports into the United States various devices with Wi-Fi capabilities. For example, Sercomm makes, uses, and sells access points that support Wi-Fi 6. Sercomm's devices with Wi-

Fi 6 capability include software and hardware on the devices that implement the claims of the Asserted Patents.

19. The Accused Products include all Sercomm products that comply with the 802.11ax-2021 Standard, including but not limited to the following Sercomm products:

| Router Products | Model Number |
|---|---|
| RP562B | RP562B |
| eLife Connect C1AS | HG6244B |
| Booster | RP571Q.FW |
| NEXXT | IAD VD4225R.FW |
| KIWI4 Indoor Premium WiFi AP | KW4-ST-2020(I) |
| KIWI4 Indoor Premium WiFi AP | KW4-ST-2020(I) |
| KIWI4 Outdoor Premium WiFi AP | KW4-ST-2020(O) |
| RHG3006 | RHG3006 |
| KIWI4 Outdoor Premium WiFi AP | KW4-ST-2020(O) |
| 11ax Dual Band WiFi Voice Gateway | |
| 11ax Dual Band WiFI Data Gateway | |
| Premium Tri-band 10G PON Home Gateway (High End) | |
| Premium 10G PON Home Gateway Unit with 11ax (High End) | |
| 10G PON Home Gateway Unit with 11ax (Middle End) | |
| Premium GPON Home Gateway Unit with 11ax (High End) | |
| GPON Home Gateway Unit with 11ax (Middle End) | |

| | |
|---|---|
| 212 G.fast IAD with 4x4 + 4x4 WiFi 6 | |
| VDSL 35b IAD with 4x4 + 4x4 11ax WiFi6 | |
| VSDL2 35b IAD with 2x2 + 4x4 WiFi 6 | |
| AX11000 WiFi 6E Router – 4+4+4 11ax Dual Band Wireless Router | |
| AX6000 WiFi 6 Router – 4+4 11ax Dual Band Wireless Router | |
| AX1800 WiFi Router – 2+2 11ax Dual Band Wireless Router | |
| 4x4 (2.4G) + 8x8 (5G) 11ax Dual Band Access Point | |
| 4x4 (2.4G) + 4x4 (5G Low) + 4x4 (5G High) 11ax Tri-Radio Access Point | |
| 2x2 (2.4G) + 2x2 (5G) 11ax Dual Band Access Point | |
| 8-Port Business Router | |
| Dual Band Wireless Business Router | |
| AXE8400 WiFi Extender – 2x2 + 4x4 + 2x2 11ax Tri Band WiFi Extender | |
| AX6000 WiFi Extender – 2x2 + 4x4 11ax Dual Band WiFi Extender | |
| 4x4 (2.4G) + 8x8 (5G) 11ax Dual Band Access Point | |
| 4x4 (2.4G) + 4x4 (5G Low) + 4x4 (5G High) 11ax Tri-radio | |
| 2x2 (2.4G) + 2x2 (5G) 11ax Dual Band Access Point | |

**FIRST COUNT**

**(Infringement of U.S. Patent No. 9,763,259)**

20. Atlas incorporates by reference the allegation set forth in Paragraphs 1-19 of this Complaint as though fully set forth herein.

21. The ’259 Patent, entitled “Sounding Method,” was duly and lawfully issued on September 12, 2017. Atlas is the owner of all right, title, and interest in the ’259 Patent. The ’259 Patent was filed on September 22, 2015 as Application No. 14/862,078 and claims the benefit of Korean Patent Application No. 10-2015-0116576, filed on August 19, 2015, and U.S. Provisional Application No. 62/054,270, filed on September 23, 2014. A true and correct copy of the ’259 Patent is attached hereto as Exhibit A.

22. The ’259 Patent relates to multi-user (“MU”) sounding and feedback in a wireless network. MU transmission requires channel information for the devices to access their subchannels that have been assigned by an Access Point (“AP”). The Accused Products support and implement a sounding method as a non-AP station device on the wireless network that receives wireless communications from an AP. The Accused Products are configured to receive a null data packet announcement (“NDPA”) frame from a transmitting device. The Accused Products are designed to then receive a null data packet (“NDP”) frame from the AP after receiving the NDPA frame. In response, the Accused Products are designed to transmit to the AP a feedback frame including subchannel information measured on a first subchannel after receiving the NDP frame. The first subchannel is a subchannel that has been allocated to the first receiving device by an AP from among a plurality of subchannels through which signal transmissions may occur. The Accused Products are designed such that, when transmitting the feedback frame, the non-AP station device will transmit the feedback frame is to the AP while a second feedback frame including subchannel information measured on a second subchannel is transmitted simultaneously to the AP by a second non-AP station device, the second subchannel being a subchannel that has been allocated to the second receiving device among the plurality of subchannels by the AP. There are similar claims directed to the access point.

23. Sercomm directly infringes the ’259 Patent under 35 U.S.C. § 271(a) by making, using, selling, and/or offering to sell in the United States, and/or importing into the United States products

that directly infringe the ’259 Patent, including the above identified Accused Products. The Accused Products infringe at least claim 18 of the ’259 Patent by practicing the 802.11ax Standard.

24. In addition to directly infringing the ’259 method claims by using infringing products in the United States, Sercomm also indirectly infringes the ’259 claims. Where acts constituting direct infringement of the ’259 Patent are not performed by Sercomm, such acts constituting direct infringement of the ’259 Patent are performed by Sercomm’s customers or end-users who act at the direction and/or control of Sercomm, with Sercomm’s knowledge.

25. Atlas is informed and believes, and on that basis alleges, that Sercomm indirectly infringes at least claim 18 of the ’259 Patent by active inducement in violation of 35 U.S.C. § 271(b), by at least manufacturing, supplying, distributing, selling, and/or offering for sale the Accused Products to their customers with the knowledge and intent that use of those products would constitute direct infringement of the ’259 Patent.

26. For example, Sercomm advertises to its customers that it sells products that comply with the 802.11ax Standard. *See* https://www.sercomm.com/contpage.aspx?langid=1&type=prod3&L1id=2&L2id=2&L3id=31&Prodid=1030. Sercomm also instructs its customers on how to connect the Accused Products to Wi-Fi networks so that they may practice the 802.11ax Standard. Once the Accused Products connect to a Wi-Fi network, they will automatically implement the 802.11ax Standard based upon the hardware and software provided in the Accused Products, if the WLAN network to which they connect supports the 802.11ax Standard.

27. Sercomm’s acts of infringement have cause damage to Atlas, and Atlas is entitled to recover from Sercomm (or any successor entity to Sercomm) the damages sustained by Atlas as a result of Sercomm’s wrongful acts in an amount subject to proof at trial.

**SECOND COUNT**

**(Infringement of U.S. Patent No. 9,825,738)**

28. Atlas incorporates by reference the allegation set forth in Paragraphs 1-27 of this Complaint as though fully set forth herein.

29. The ’738 Patent, entitled “Acknowledgement Method and Multi User Transmission Method,” was duly and lawfully issued on November 21, 2017. Atlas is the owner of all right, title, and interest in the ’738 Patent. The ’738 Patent was filed on April 3, 2015 as Application No. 14/678,724 and claims the benefit of U.S. Provisional Application No. 61/981,427, filed on April 18, 2014, and U.S. Provisional Application No. 61/975,622, filed on April 4, 2014. A true and correct copy of the ’738 Patent is attached hereto as Exhibit B.

30. The ’738 Patent is directed to improvements related to trigger frames, which are used to solicit and schedule simultaneous transmissions from multiple user devices on a wireless local area network. The concept of trigger frames was first introduced into the wireless standard as part of 802.11ax, and Newracom was a key contributor to those concepts. The ’738 Patent covers a method of operating an access point and a station device in a wireless network that supports both multi-user downlink transmissions and multi-user uplink transmissions. In the’738 invention, the access point transmits a physical downlink frame to a plurality of station devices as part of a downlink multi-user transmission. Included in the downlink multi-user frame is uplink setup information that is to be used by the stations when responding to the downlink multi-user frame. The setup information includes information that is common to the multiple stations joining in the uplink multi-user transmission. The setup information also includes dedicated information that is specific to each responding station. The common information includes information that is a function of a total number of space time streams to be used to perform the simultaneous transmission of the uplink frames by each of the stations participating in the uplink multi-user transmission. The station transmits an uplink frame to the access point in response to receiving the uplink setup information simultaneously with uplink frames from one or more other stations in the wireless network. After transmitting the uplink frame to the access point, the station receives an acknowledgement frame from the access point.

31. Sercomm directly infringes the ’738 Patent under 35 U.S.C. § 271(a) by making, using, selling, and/or offering to sell in the United States, and/or importing into the United States products

that directly infringe the ’738 Patent, including the above identified Accused Products. The Accused Products infringe at least claim 1 of the ’738 Patent by practicing the 802.11ax Standard.

32. Sercomm also indirectly infringes at least claim 1 of the ’738 Patent. Where acts constituting direct infringement of the ’738 Patent are not performed by Sercomm, such acts constituting direct infringement of the ’738 Patent are performed by Sercomm’s customers or end-users who act at the direction and/or control of Sercomm, with Sercomm’s knowledge.

33. Atlas is informed and believes, and on that basis alleges, that Sercomm indirectly infringes at least claim 1 of the ’738 Patent by active inducement in violation of 35 U.S.C. § 271(b), by at least manufacturing, supplying, distributing, selling, and/or offering for sale the Accused Products to their customers with the knowledge and intent that use of those products would constitute direct infringement of the ’738 Patent.

34. For example, Sercomm advertises to its customers that it sells products that comply with the 802.11ax Standard. *See* https://www.sercomm.com/contpage.aspx?langid=1&type=prod3&L1id=2&L2id=2&L3id=31&Prodid=1030. Sercomm also instructs its customers on how to connect the Accused Products to Wi-Fi networks so that they may practice the 802.11ax Standard. Once the Accused Products connect to a Wi-Fi network, they will automatically implement the 802.11ax Standard based upon the hardware and software provided in the Accused Products, if the WLAN network to which they connect supports the 802.11ax Standard.

35. Sercomm’s acts of infringement have cause damage to Atlas, and Atlas is entitled to recover from Sercomm (or any successor entity to Sercomm) the damages sustained by Atlas as a result of Sercomm’s wrongful acts in an amount subject to proof at trial.

## THIRD COUNT

## (Infringement of U.S. Patent No. 9,912,513)

36. Atlas incorporates by reference the allegation set forth in Paragraphs 1-35 of this Complaint as though fully set forth herein.

37. The ’513 Patent, entitled “System and Method for Synchronization for OFDMA Transmission,” was duly and lawfully issued on March 6, 2018. Atlas is the owner of all right, title, and interest in the ’513 Patent. The ’513 Patent was filed on July 6, 2016 as Application No. 15/203,717 as a continuation of Application No. 14/868,303, filed on September 28, 2015 (which resulted in U.S. Patent No. 9,413,581), and further claims the benefit of U.S. Provisional Application No. 62/061,503, filed on October 8, 2014. A true and correct copy of the ’513 Patent is attached hereto as Exhibit C.

38. The ’513 Patent generally relates to 802.11ax downlink (“DL”) trigger frames sent by access points and received by stations that indicate the guard interval duration of the expected uplink (“UL”) responsive frames sent by the stations. In MU OFDMA, stations may simultaneously transmit uplink frames where each field within an uplink frame includes: (1) a guard interval (sometimes referred to as a “cyclic prefix”) and then (2) one or more symbols. But if the guard interval durations are not uniform amongst all the stations, the symbols will not be synchronized, and the access point may have greater difficulty correctly decoding the frames received from the stations. To ensure all the stations use the same guard interval duration, the access point may transmit a trigger frame with information for a guard interval (“GI”) duration to be used for at least some symbols of a subsequent UL frame.

39. Sercomm directly infringes the ’513 Patent under 35 U.S.C. § 271(a) by making, using, selling, and/or offering to sell in the United States, and/or importing into the United States products that directly infringe the ’513 Patent, including the above identified Accused Products. The Accused Products infringe at least claim 15 of the ’513 Patent by practicing the 802.11ax Standard.

40. In addition to directly infringing the ’513 apparatus claims by making, selling and using infringing products in the United States, Sercomm also indirectly infringes the ’513 Patent claims. Where acts constituting direct infringement of the ’513 Patent are not performed by Sercomm, such acts constituting direct infringement of the ’513 Patent are performed by Sercomm’s customers or end-users who act at the direction and/or control of Sercomm, with Sercomm’s knowledge.

41. Atlas is informed and believes, and on that basis alleges, that Sercomm indirectly infringes at least claim 15 of the ’513 Patent by active inducement in violation of 35 U.S.C. § 271(b), by at least manufacturing, supplying, distributing, selling, and/or offering for sale the Accused Products to their customers with the knowledge and intent that use of those products would constitute direct infringement of the ’513 Patent.

42. For example, Sercomm advertises to its customers that it sells products that comply with the 802.11ax Standard. *See* https://www.sercomm.com/contpage.aspx?langid=1&type=prod3&L1id=2&L2id=2&L3id=31&Prodid=1030. Sercomm also instructs its customers on how to connect the Accused Products to Wi-Fi networks so that they may practice the 802.11ax Standard. Once the Accused Products connect to a Wi-Fi network, they will automatically implement the 802.11ax Standard based upon the hardware and software provided in the Accused Products, if the WLAN network to which they connect supports the 802.11ax Standard.

43. Sercomm’s acts of infringement have cause damage to Atlas, and Atlas is entitled to recover from Sercomm (or any successor entity to Sercomm) the damages sustained by Atlas as a result of Sercomm’s wrongful acts in an amount subject to proof at trial.

## FOURTH COUNT

## (Infringement of U.S. Patent No. 9,917,679)

44. Atlas incorporates by reference the allegation set forth in Paragraphs 1-43 of this Complaint as though fully set forth herein.

45. The ’679 Patent, entitled “Method and Apparatus for Transmitting Response Frame Based on Type in a High Efficiency Wireless LAN,” was duly and lawfully issued on March 13, 2018. Atlas is the owner of all right, title, and interest in the ’679 Patent. The ’679 Patent was filed on November 3, 2015 as Application No. 14/931,753 and claims the benefit of U.S. Provisional Application No. 62/080,026, filed on November 14, 2014, and U.S. Provisional Application No. 62/074,514, filed on November 3, 2014. A true and correct copy of the ’679 Patent is attached hereto as Exhibit D.

46. The ’679 Patent generally relates to 802.11ax responsive UL transmission. The 802.11ax station receives a downlink (DL) frame from an Access Point that identifies the type of UL frame for the station to provide as an Acknowledgement. The types may be either a single-user (SU) type or a multiple-user (MU) type frame. The station transmits to the AP an uplink frame of the type specified by the AP in the DL frame. If the UL frame corresponds to a MU type, a plurality of stations transmit the UL frame simultaneously.

47. Sercomm directly infringes the ’679 Patent under 35 U.S.C. § 271(a) by making, using, selling, and/or offering to sell in the United States, and/or importing into the United States products that directly infringe the ’679 Patent, including the above identified Accused Products. The Accused Products infringe at least claim 6 of the ’679 Patent by practicing the 802.11ax Standard.

48. Sercomm also indirectly infringes the ’679 Patent claims. Where acts constituting direct infringement of the ’679 Patent are not performed by Sercomm, such acts constituting direct infringement of the ’679 Patent are performed by Sercomm’s customers or end-users who act at the direction and/or control of Sercomm, with Sercomm’s knowledge.

49. Atlas is informed and believes, and on that basis alleges, that Sercomm indirectly infringes at least claim 6 of the ’679 Patent by active inducement in violation of 35 U.S.C. § 271(b), by at least manufacturing, supplying, distributing, selling, and/or offering for sale the Accused Products to their customers with the knowledge and intent that use of those products would constitute direct infringement of the ’679 Patent.

50. For example, Sercomm advertises to its customers that it sells products that comply with the 802.11ax Standard. *See* https://www.sercomm.com/contpage.aspx?langid=1&type=prod3&L1id=2&L2id=2&L3id=31&Prodid=1030. Sercomm also instructs its customers on how to connect the Accused Products to Wi-Fi networks so that they may practice the 802.11ax Standard. Once the Accused Products connect to a Wi-Fi network, they will automatically implement the 802.11ax Standard based upon the hardware and software provided in the Accused Products, if the WLAN network to which they connect supports the 802.11ax Standard.

51. Sercomm's acts of infringement have cause damage to Atlas, and Atlas is entitled to recover from Sercomm (or any successor entity to Sercomm) the damages sustained by Atlas as a result of Sercomm's wrongful acts in an amount subject to proof at trial.

## FIFTH COUNT

### (Infringement of U.S. Patent No. 10,020,919)

52. Atlas incorporates by reference the allegation set forth in Paragraphs 1-51 of this Complaint as though fully set forth herein.

53. The '919 Patent, entitled "Protection Methods for Wireless Transmissions," was duly and lawfully issued on July 10, 2018. Atlas is the owner of all right, title, and interest in the '919 Patent. The '919 Patent was filed on April 25, 2017 as Application No. 15/497,094 as a continuation of Application No. 15/291,947, filed on October 12, 2016 (which resulted in U.S. Patent No. 9,667,394), and further claims the benefit of U.S. Provisional Application No. 62/333,192, filed on May 7, 2016, U.S. Provisional Application No. 62/333,077, filed on May 6, 2016, U.S. Provisional Application No. 62/331,380, filed on May 3, 2016, and U.S. Provisional Application No. 62/240,419, filed on October 12, 2015. A true and correct copy of the '919 Patent is attached hereto as Exhibit E.

54. The '919 Patent generally relates to an access point soliciting Channel State Information ("CSI") from one or more stations using a Null Data Packet Announcement (indicating which stations should send CSI) followed by a Null Data Packet, after which either a single station responds, or multiple stations wait for an indication they should respond (in response to a polling or trigger frame). The '919 Patent discloses a CSI feedback procedure, also known as sounding procedure, consists of a transmission, by the beamformer (such as an AP), of a non-data packet announcement (NDPA) transmission followed by non-data packet (NDP). In response to the NDPA transmission and the NDP, a beamformee (such as a station) transmits CSI feedback to the beamformer. The '919 Patent teaches multiple procedures for providing CS feedback, including: (1) a single user provides CSI feedback using a UL Single-User (SU) MIMO transmission, or (2) a plurality of users provide CSI feedback simultaneously using an UL MU transmission. The

procedure that is used is indicated by a number of per-station information fields in the NDPA frame. The NDPA frame contains parameters for CSI feedback as well as list of STAs that are directed to participate in the CSI feedback process. Thus, the ’919 Patent teaches a technique which supports UL MU transmission while avoiding the overhead of a trigger frame when only soliciting CSI information from a single station.

55. Sercomm directly infringes the ’919 Patent under 35 U.S.C. § 271(a) by making, using, selling, and/or offering to sell in the United States, and/or importing into the United States products that directly infringe the ’919 Patent, including the above identified Accused Products. The Accused Products infringe at least claim 11 of the ’919 Patent by practicing the 802.11ax Standard.

56. Sercomm also indirectly infringes the ’919 Patent claims. Where acts constituting direct infringement of the ’919 Patent are not performed by Sercomm, such acts constituting direct infringement of the ’919 Patent are performed by Sercomm’s customers or end-users who act at the direction and/or control of Sercomm, with Sercomm’s knowledge.

57. Atlas is informed and believes, and on that basis alleges, that Sercomm indirectly infringes at least claim 11 of the ’919 Patent by active inducement in violation of 35 U.S.C. § 271(b), by at least manufacturing, supplying, distributing, selling, and/or offering for sale the Accused Products to their customers with the knowledge and intent that use of those products would constitute direct infringement of the ’919 Patent.

58. For example, Sercomm advertises to its customers that it sells products that comply with the 802.11ax Standard. *See* https://www.sercomm.com/contpage.aspx?langid=1&type=prod3&L1id=2&L2id=2&L3id=31&Prodid=1030. Sercomm also instructs its customers on how to connect the Accused Products to Wi-Fi networks so that they may practice the 802.11ax Standard. Once the Accused Products connect to a Wi-Fi network, they will automatically implement the 802.11ax Standard based upon the hardware and software provided in the Accused Products, if the WLAN network to which they connect supports the 802.11ax Standard.

59. Sercomm's acts of infringement have cause damage to Atlas, and Atlas is entitled to recover from Sercomm (or any successor entity to Sercomm) the damages sustained by Atlas as a result of Sercomm's wrongful acts in an amount subject to proof at trial.

**SIXTH COUNT**

**(Infringement of U.S. Patent No. 10,756,851)**

60. Atlas incorporates by reference the allegation set forth in Paragraphs 1-59 of this Complaint as though fully set forth herein.

61. The '851 Patent, entitled "Multiplexing Acknowledgment Messages in Response to Downlink Frames," was duly and lawfully issued on August 25, 2020. Atlas is the owner of all right, title, and interest in the '851 Patent. The '851 Patent was filed on November 28, 2018 as Application No. 16/203,501 as a continuation of Application No. 15/151,433, filed on May 10, 2016 (which resulted in U.S. Patent No. 10,181,930), and further claims the benefit of U.S. Provisional Application No. 62/193,305, filed on July 16, 2015, U.S. Provisional Application No. 62/191,623, filed on July 13, 2015, U.S. Provisional Application No. 62/160,527, filed on May 12, 2015, and U.S. Provisional Application No. 62/159,346, filed on May 10, 2015. A true and correct copy of the '851 Patent is attached hereto as Exhibit F.

62. The '851 Patent generally relates to a wireless communication system in which a plurality of acknowledgement messages from multiple station devices are multiplexed and transmitted simultaneously in response to multi-user downlink frames. The multi-user downlink transmission includes a control extension in a control field that includes scheduling information used by a plurality of station devices for the multi-user uplink acknowledgement. More specifically, the control extension includes scheduling information for a trigger-based response.

63. Sercomm directly infringes the '851 Patent under 35 U.S.C. § 271(a) by making, using, selling, and/or offering to sell in the United States, and/or importing into the United States products that directly infringe the '851 Patent, including the above identified Accused Products. The Accused Products infringe at least claim 16 of the '851 Patent by practicing the 802.11ax Standard.

64. Sercomm also indirectly infringes the ’851 Patent claims. Where acts constituting direct infringement of the ’851 Patent are not performed by Sercomm, such acts constituting direct infringement of the ’851 Patent are performed by Sercomm’s customers or end-users who act at the direction and/or control of Sercomm, with Sercomm’s knowledge.

65. Atlas is informed and believes, and on that basis alleges, that Sercomm indirectly infringes at least claim 16 of the ’851 Patent by active inducement in violation of 35 U.S.C. § 271(b), by at least manufacturing, supplying, distributing, selling, and/or offering for sale the Accused Products to their customers with the knowledge and intent that use of those products would constitute direct infringement of the ’851 Patent.

66. For example, Sercomm advertises to its customers that it sells products that comply with the 802.11ax Standard. *See* https://www.sercomm.com/contpage.aspx?langid=1&type=prod3&L1id=2&L2id=2&L3id=31&Prodid=1030. Sercomm also instructs its customers on how to connect the Accused Products to Wi-Fi networks so that they may practice the 802.11ax Standard. Once the Accused Products connect to a Wi-Fi network, they will automatically implement the 802.11ax Standard based upon the hardware and software provided in the Accused Products, if the WLAN network to which they connect supports the 802.11ax Standard.

67. Sercomm’s acts of infringement have cause damage to Atlas, and Atlas is entitled to recover from Sercomm (or any successor entity to Sercomm) the damages sustained by Atlas as a result of Sercomm’s wrongful acts in an amount subject to proof at trial.

## SEVENTH COUNT

**(Infringement of U.S. Patent No. 9,531,520)**

68. Atlas incorporates by reference the allegation set forth in Paragraphs 1-67 of this Complaint as though fully set forth herein.

69. The ’520 Patent, entitled “Apparatus and Method for Downlink and Uplink Multi-User Transmissions,” was duly and lawfully issued on December 27,2016. Atlas is the owner of all right, title, and interest in the ’520 Patent. The ’520 Patent was filed on March 23, 2016 as

Application No. 15/078,920 and claims the benefit of U.S. Provisional Application No. 62/140,349, filed on March 30, 2015, and U.S. Provisional Application No. 62/137,138, filed on March 23, 2015. A true and correct copy of the ’520 Patent is attached hereto as Exhibit G.

70. The ’520 Patent is directed to important improvements related to triggering frames for scheduling multi-user uplink acknowledgements that were first introduced in 802.11ax. Newracom was a key contributor to the concepts and implementation details of triggering frames and uplink multi-user acknowledgements. Certain claims recite a method directed to a receiving station device, in which the station receives a downlink multi-user frame from an access point and identifies scheduling information in the MAC Protocol Data Unit (MPDU) of the downlink frame that solicits an uplink acknowledgement from the station as part of a multi-user acknowledgement frame. There are also claims directed to a similar method from the perspective of the access point.

71. Sercomm directly infringes the ’520 Patent under 35 U.S.C. § 271(a) by making, using, selling, and/or offering to sell in the United States, and/or importing into the United States products that directly infringe the ’520 Patent, including the above identified Accused Products. The Accused Products infringe at least claim 1 of the ’520 Patent by practicing the 802.11ax Standard.

72. In addition to direct infringement by making, using, and selling the Accused Products, Sercomm also indirectly infringes the ’520 Patent claims. Where acts constituting direct infringement of the ’520 Patent are not performed by Sercomm, such acts constituting direct infringement of the ’520 Patent are performed by Sercomm’s customers or end-users who act at the direction and/or control of Sercomm, with Sercomm’s knowledge.

73. Atlas is informed and believes, and on that basis alleges, that Sercomm indirectly infringes at least claim 1 of the ’520 Patent by active inducement in violation of 35 U.S.C. § 271(b), by at least manufacturing, supplying, distributing, selling, and/or offering for sale the Accused Products to their customers with the knowledge and intent that use of those products would constitute direct infringement of the ’520 Patent.

74. For example, Sercomm advertises to its customers that it sells products that comply with the 802.11ax Standard. *See* https://www.sercomm.com/contpage.aspx?langid=1&type=prod3&L1id=2&L2id=2&L3id=31&Prodid=1030. Sercomm also instructs its customers on how to connect the Accused Products to Wi-Fi networks so that they may practice the 802.11ax Standard. Once the Accused Products connect to a Wi-Fi network, they will automatically implement the 802.11ax Standard based upon the hardware and software provided in the Accused Products, if the WLAN network to which they connect supports the 802.11ax Standard.

75. Sercomm's acts of infringement have cause damage to Atlas, and Atlas is entitled to recover from Sercomm (or any successor entity to Sercomm) the damages sustained by Atlas as a result of Sercomm's wrongful acts in an amount subject to proof at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment and seeks relief against Sercomm as follows:

(a) For judgment that U.S. Patent Nos. '259, '738, '513, '679, '919, '851, and '520 have been and continue to be infringed by Sercomm;

(b) For an accounting of all damages sustained by Plaintiff as the result of Sercomm's acts of infringement;

(c) For finding that Sercomm's infringement is willful and enhancing damages pursuant to 35 U.S.C. § 284;

(d) For a mandatory future royalty payable on each and every future sale by Sercomm of a product that is found to infringe one or more of the Asserted Patents and on all future products that are not colorably different from products found to infringe;

(e) For an award of attorneys' fees pursuant to 35 U.S.C. § 285 or otherwise permitted by law;

(f) For all costs of suit; and

(g) For such other and further compensatory relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure and Local Rule CV-38, Plaintiff demands a trial by jury of this action.

Dated: August 9, 2021

Respectfully submitted,

/s/ *Michael F. Heim*
Max L. Tribble, Jr.
Texas State Bar No. 20213950
Joseph S. Grinstein
Texas State Bar No. 24002188
Alejandra C. Salinas
Texas State Bar No. 24102452
**SUSMAN GODFREY, LLP**
1000 Louisiana Street, Suite 5100
Houston, Texas 77002
Telephone: (713) 651-9366
Facsimile: (713) 654-6666
mtribble@susmangodfrey.com
jgrinstein@susmangodfrey.com
asalinas@susmangodfrey.com

Kalpana Srinivasan
California State Bar No. 237460
Oleg Elkhunovich
California State Bar No. 269238
**SUSMAN GODFREY, LLP**
1900 Avenue of the Stars, 14th Floor
Los Angeles, CA 90067
Telephone: (310) 789-3100
Facsimile: (310) 789-3150
ksrinivasan@susmangodfrey.com
oelkhunovich@susmangodfrey.com

Michael F. Heim
Texas State Bar No. 09380923
Eric J. Enger
Texas State Bar No. 24045833
Blaine A. Larson
Texas State Bar No. 24083360
Alden G. Harris
Texas State Bar No. 24083138
William B. Collier, Jr.
Texas State Bar No. 24097519
**HEIM, PAYNE & CHORUSH, LLP**
1111 Bagby, Suite 2100
Houston, Texas 77002
Telephone: (713) 221-2000
Facsimile: (713) 221-2021
mheim@hpcllp.com

eenger@hpcllp.com
blarson@hpcllp.com
aharris@hpcllp.com
wcollier@hpcllp.com

*ATTORNEYS FOR ATLAS GLOBAL TECHNOLOGIES LLC*