**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

ATLAS GLOBAL TECHNOLOGIES LLC,

Plaintiff,

v.

SERCOMM CORPORATION,

Defendant.

C.A. No.: 6:21-cv-00818-ADA

JURY TRIAL DEMANDED

**PLAINTIFF'S MOTION FOR ALTERNATIVE SERVICE**

Plaintiff Atlas Global Technologies LLC ("Atlas") seeks an order from the Court permitting alternative service on Sercomm Corporation ("Sercomm") pursuant to Federal Rule of Civil Procedure 4(f)(3).  Sercomm is a Taiwanese company, meaning the Hague Convention is not an available option, nor is it clear what Taiwanese law requires for service.  Consistent with prior orders of this Court, Atlas proposes alternative service be made by (1) mailing a copy of the summons, complaint, and exhibits to Sercomm's headquarters in Taiwan and (2) serving U.S. counsel who are currently representing Sercomm in litigation pending in this Court.

I.      **FACTUAL BACKGROUND**

Atlas sued Sercomm alleging infringement of 8 patents generally related to the 802.11ax standard, commonly called "Wi-Fi 6."  *See* ECF No. 1.  Sercomm is a Taiwanese company with its principal place of business at 8F, No. 3-1, YuanQu St. (Nankang Software Park), Taipei 115, Taiwan, R.O.C.  Sercomm maintains an active presence in the United States, including in Texas. *See* ECF No. 1 ¶ 7.

Sercomm is currently defending another patent cases in this Court, *BE Labs, Inc. v.*

*Sercomm Corporation*, No. 6:21-cv-72-ADA, in which its attorneys are Robert A. Gutkin of Ergoniq and William E. Davis and Christian Hart of The Davis Firm. Mr. Gutkin was also lead counsel for Sercomm's affiliate, Sercomm USA Inc., in three recent patent cases.[1]

## II.   LEGAL STANDARDS

Federal Rule of Civil Procedure 4(h)(2) states that a foreign corporation served outside the United States are to be served "in any manner prescribed by Rule 4(f) for serving an individual, expect personal delivery under (f)(2)(C)(i)." Fed. R. Civ. P. 4(h)(2).  "Rule 4(f)(3) provides that the Court may authorize service on a foreign individual 'by other means not prohibited by international agreement.'"  *STC.UNM v. Taiwan Semiconductor Manufacturing Co. Ltd.* ("*STC.UNM v. TSMC*"), No. 6:19-cv-261-ADA, ECF No. 13, at 1 (W.D. Tex. May 29, 2019) (quoting Fed. R. Civ. P. 4(f)(3)).  "Thus, so long as the method of service is not *prohibited* by international agreement the Court has considerable discretion to authorize an alternative means of service."  *Id.* (citing *Rio Properties, Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1014 (9th Cir. 2002) ("As obvious from its plain language, service under Rule 4(f)(3) must be (1) directed by the court; and (2) not prohibited by international agreement.  No other limitations are evident from the text.")).

"In the end, any alternative method of service authorized must be 'reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'"  *STC.UNM v. TSMC*, No. 6:19-cv-261-ADA, ECF No. 13, at 2 (quoting *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950)).

---

[1] *Karamelion LLC v. Sercomm USA Inc.*, No. 4:19-cv-08451-JSW, ECF No. 19 (N.D. Cal. Jan. 31, 2020); *Pinek IP LLC v. Sercomm USA Inc.*, No. 3:19-cv-01133-JSC, ECF No. 13 (N.D. Cal. Mar. 28, 2019); *Magnacross LLC v. Sercomm USA Inc.*, No. 3:18-cv-04754-VC, ECF No. 19 (N.D. Cal. Aug. 27, 2018).

## III.    ARGUMENT

### A.    Alternative service of process is appropriate here, where the defendant is a Taiwanese company.

Alternative service is particularly appropriate with a Taiwan-based defendant.  Because the United States does not recognize Taiwan's government as a sovereign state, service of process under the Hague Convention is not an option, and determining what constitutes service under "the foreign country's law" is complicated, at best.  *See STC.UNM v. TSMC*, No. 6:19-cv-261-ADA, ECF No. 13, at 2 ("First, the United States does not recognize Taiwan's government as a sovereign state, which complicated matters regarding Plaintiff serving TSMC with process under 'the foreign country's law. . . . Furthermore, service pursuant to Hague Convention procedures is impracticable in this case because Taiwan is not a signatory to the Hague Convention, or any other treaty related to international service of judicial documents like summons and complaint.'").

Consistent with the lack of clarity concerning serving defendants in Taiwan, this Court has consistently granted alternative service requests for Taiwanese defendants that included one or a combination of serving a foreign corporation's U.S. counsel[2] or mailing the service papers to the foreign defendant's headquarters.[3]  *See also STC.UNM v. TSMC*, No. 6:19-cv-261-ADA, ECF No. 13, at 2 ("Second, neither the Hague Convention nor any other international agreement prohibits

---

[2] *Terrestrial Comms LLC v. NEC Corp.*, No. 6:19-cv-597-ADA, ECF No. 24, at 7-8 (W.D. Tex. June 24, 2020) ("District courts routinely direct service on an international defendant's counsel under Rule 4(f)(3) even if the counsel has not been expressly authorized to accept service on the defendant's behalf."); *Affinity Labs*, 2014 U.S. Dist. LEXIS 185740, at *11-12 (permitting service on US outside counsel that had been point of contact for all Nissan-related defendants, had represented foreign defendant in patent matters in the past, and hoped to represent them again in the action at issue); *Canal Indemnity Co. v. Castillo*, No. 2:09-cv-43-AM-CW, ECF No. 38, at 4 (W.D. Tex. Mar. 30, 2011) ("Because the defendants' attorney is actively representing them in a state court action, the attorney has sufficient contact with defendants to ensure that they will receive notice of the declaratory action against them and a chance to respond."); *RPost Holdings, Inc. v. Kagan*, No. 2:11-cv-238-JRG, 2012 U.S. Dist. LEXIS 7566, at *4-5 (E.D. Tex. Jan. 23, 2012) (permitting service on US-based counsel).

[3] *STC.UNM v. ASUSTeK Comp. Inc.*, No. 6:20-cv-142-ADA, ECF No. 6, at 4; *BE Labs, Inc. v. ASUSTeK Comp. Inc.*, No. 6:20-cv-629-ADA (W.D. Tex. Aug. 6, 2020) (docket entry granting motion for alternative service on ASUSTeK by "mailing to the company's headquarters and ailing to the defendant's US registered agent which is in Texas").

service on a foreign corporation through its U.S. Counsel, in-house counsel, or wholly-owned U.S. subsidiary.").  Here, Atlas proposes service by both methods.

Further, the proposed method of service satisfy due process because they are reasonably likely to apprise Sercomm of the pendency of the lawsuit—by receiving notice of the lawsuit to its headquarters and by email to U.S.-based outside counsel currently representing it in patent infringement actions pending in this district.  *See STC.UNM v. TSMC*, No. 6:19-cv-261-ADA, ECF No. 13, at 3 (service on outside counsel and "a United State subsidiary or affiliate of a foreign entity" would "provide reasonable notice and an opportunity to be heard"); *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1018 (9th Cir. 2002) (email service on counsel considered one of the best forms of alternative service because it is "aimed directly and instantly" at the foreign defendant where it is "clear that [the attorney] was in contact with [the foreign defendant]").  It is nearly impossible to imagine that SERCOMM would not be advised that this lawsuit has been filed through one of these proposed channels.

## IV.    CONCLUSION

For these reasons, Atlas requests that the Court grant this motion and enter an order approving alternative service of process on Sercomm by:

1.    Sending the complaint and other required materials by a form of mail that the Clerk of Court addresses that requires a signed receipt to Sercomm's headquarters at 8F, No. 3-1, YuanQu St. (Nankang Software Park), Taipei 115, Taiwan, R.O.C., and

2.    Sending the complaint and other required materials to the following outside counsel currently representing Sercomm as counsel in a patent infringement matter in this Court:

a.    Robert A. Gutkin of Ergoniq and William E. Davis and

b.    William E. Davis and Christian Hart of The Davis Firm.

Dated: September 8, 2021          Respectfully submitted,

*/s/ Michael F. Heim w/permission Andrea L. Fair*
Max L. Tribble, Jr.
Texas State Bar No. 20213950
Joseph S. Grinstein
Texas State Bar No. 24002188
Alejandra C. Salinas
Texas State Bar No. 24102452
**SUSMAN GODFREY, LLP**
1000 Louisiana Street, Suite 5100
Houston, Texas 77002
Telephone: (713) 651-9366
Facsimile: (713) 654-6666
mtribble@susmangodfrey.com
jgrinstein@susmangodfrey.com
asalinas@susmangodfrey.com

Kalpana Srinivasan
California State Bar No. 237460
Oleg Elkhunovich
California State Bar No. 269238
**SUSMAN GODFREY, LLP**
1900 Avenue of the Stars, 14th Floor
Los Angeles, CA 90067
Telephone: (310) 789-3100
Facsimile: (310) 789-3150
ksrinivasan@susmangodfrey.com
oelkhunovich@susmangodfrey.com

Michael F. Heim
Texas State Bar No. 09380923
Eric J. Enger
Texas State Bar No. 24045833
Blaine A. Larson
Texas State Bar No. 24083360
Alden G. Harris
Texas State Bar No. 24083138
William B. Collier, Jr.
Texas State Bar No. 24097519
**HEIM, PAYNE & CHORUSH, LLP**
1111 Bagby, Suite 2100
Houston, Texas 77002
Telephone: (713) 221-2000
Facsimile: (713) 221-2021
mheim@hpcllp.com

eenger@hpcllp.com
blarson@hpcllp.com
aharris@hpcllp.com
wcollier@hpcllp.com

*Of Counsel:*

T. John Ward, Jr.
TX State Bar No. 00794818
Email: jw@wsfirm.com
Andrea L. Fair
TX State Bar No. 24078488
Email: andrea@wsfirm.com
**Ward, Smith & Hill, PLLC**
1507 Bill Owens Parkway
Longview, Texas  75604
Telephone: 903-757-6400
Facsimile: 903-7572323

***Attorneys for Plaintiff***
***Atlas Global Technologies***

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on 8th day of September, 2021, a copy of the foregoing was served electronically, via CM/ECF, on all counsel of record per Local Rule CV-5(b).

                                                            */s/ Andrea L. Fair*
                                                            Andrea L. Fair