**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

| | | |
|---|---|---|
| ATLAS GLOBAL TECHNOLOGIES LLC | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 6:21-cv-00818-ADA |
| | ) | |
| SERCOMM CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT SERCOMM CORPORATION'S OPPOSED MOTION TO DISMISS**
**PLAINTIFF'S AMENDED COMPLAINT FOR FAILURE TO STATE A CLAIM**

## TABLE OF CONTENTS

**Page**

I.      INTRODUCTION ................................................................................................ 1

II.     FACTUAL BACKGROUND ............................................................................... 3

III.    PLAINTIFF'S CLAIMS OF DIRECT INFRINGEMENT MUST BE DISMISSED
        FOR THE SIX PATENTS WHERE ONLY METHOD CLAIMS ARE
        ASSERTED ......................................................................................................... 4

        A.      For Six of the Seven Asserted Patents, Atlas Asserts Method Claims That
                Can Only Be Infringed by Practicing the Claimed Methods ................................. 4

        B.      The Asserted Method Claims Require that the Sercomm Accused Products
                Be Used in a Specified Manner with Certain Non-Sercomm Wi-Fi 6
                Devices.................................................................................................................. 5

        C.      Atlas Fails to Plead Facts Sufficient to Show That Defendant Sercomm
                (Taiwan) Directly Infringes by Practicing the Claimed Methods in the
                United States ........................................................................................................ 7

IV.     THE AMENDED COMPLAINT FAILS TO ALLEGE THAT CERTAIN
        LIMITATIONS OF THE ASSERTED CLAIMS OF THE  '259, '738, '679 AND
        '520 PATENTS ARE PRACTICED BY ANY ACCUSED PRODUCT ...................... 11

V.      THE AMENDED COMPLAINT FAILS TO ADEQUATELY PLEAD
        INDIRECT INFRINGEMENT ........................................................................... 15

VI.     THE COMPLAINT FAILS TO STATE A CLAIM FOR WILLFULL
        INFRINGEMENT.............................................................................................. 18

VII.    CONCLUSION.................................................................................................. 19

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Affinity Labs of Tex., LLC v. Toyota Motor N. Am., Inc.*,
    No. 2:13-CV-365, 2014 WL 2892285 (W.D. Tex. May 12, 2014) .......................................16

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009) ............................................................................................................7, 8

*Bot M8 LLC v. Sony Corp. of America*,
    4 F.4th 1342 (Fed. Cir. 2021) ...............................................................................................14

*Commil USA, LLC v. Cisco Sys.*, Inc.,
    135 S. Ct. 1920, 1926 (2015) ................................................................................................16

*De La Vega v. Microsoft Corp.*,
    No. W-19-CV-00612-ADA, 2020 WL 3528411 (W.D. Tex. Feb. 11, 2020)
    (Albright, J.) .................................................................................................................. *passim*

*Diem LLC v. BigCommerce, Inc.*,
    No. 6:17-CV-186-JRG-JDL, 2017 WL 9935521 (E.D. Tex. May 11, 2017) ........................11

*DSU Med. Corp. v. JMS Co.*,
    471 F.3d 1293 (Fed. Cir. 2006)..............................................................................................16

*Halo Electronics, Inc. v. Pulse Electronics, Inc.*,
    _____ U.S. _____, 136 S.Ct. 1923, 195 L.Ed.2d 278 (2016)....................................................19

*i4i Ltd. P'ship v. Microsoft Corp.*,
    598 F.3d 831 (Fed. Cir. 2010), *aff'd,* 564 U.S. 91 (2011).........................................................4

*Joy Techs., Inc. v. Flakt, Inc.*,
    6 F.3d 770 (Fed. Cir. 1993).................................................................................................4, 18

*Koninklijke Philips N.V. v. Zoll Medical Corp.*
    656 Fed. Appx. 504, 521 (Fed. Cir. 2016) ..............................................................................4

*Limelight Networks, Inc. v. Akamai Techs., Inc.*,
    572 U.S. 915 (2014)...............................................................................................................18

*Manville Sales Corp. v. Paramount Sys., Inc.*,
    917 F.2d 544 (Fed.Cir.1990).................................................................................................16

*Metricolor LLC v. L'Oreal S.A.*,
    791 F. App'x 183 (Fed. Cir. 2019) ...................................................................................11, 13

*Monolithic Power Sys., Inc. v. Meraki Integrated Cir. (Shenzhen) Tech., Ltd.*,
    No. 6:20-CV-008876-ADA, 2021 WL 3931910 (W.D. Tex. Sept. 1, 2021) .........................16

*Ormco Corp. v. Align Tech., Inc.*,
    463 F.3d 1299 (Fed. Cir. 2006).........................................................................................4, 5

*Panduit Corp. v. Corning Inc.*,
    2019 WL 189817 (E.D.N.C. January 14, 2019) ..................................................................10

*Parity Networks, LLC v. Cisco Sys., Inc.*,
    No. 6:19-CV-00207-ADA, 2019 WL 3940952 (W.D. Tex. July 26, 2019)...........................19

*USC IP P'ship, L.P. v. Facebook, Inc.*,
    No. 6:20-CV-00555-ADA, 2021 WL 3134260 (W.D. Tex. July 23, 2021)...........................19

*Vervain, LLC v. Micron Technology, Inc.*,
    Case No. 6-21-cv-00487, Dkt. 32 (W.D. Tex. January 3, 2022) ...........................................14

**Statutes**

35 U.S.C. § 271(a) ...............................................................................................................5

35 U.S.C. § 271(b) ...............................................................................................15, 16, 18

35 U.S.C. § 271(c) .............................................................................................................18

**Other Authorities**

Federal Rule of Civil Procedure 12(b)(6) ......................................................................1, 4, 7, 13

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendant Sercomm Corporation ("Sercomm") respectfully moves this Court to dismiss certain claims of the First Amended Complaint ("FAC") of Plaintiff Atlas Global Technologies LLC's ("Atlas") for failure to state a claim upon which relief can be granted.

## I.  INTRODUCTION

Atlas's First Amended Complaint ("FAC") fails to sufficiently address some of the deficiencies identified in Sercomm's original Motion to Dismiss.  These ongoing deficiencies are fatal to certain of Atlas's claims, which should now be dismissed with prejudice.

First, Atlas only asserts method claims for six of the seven patents-in-suit.  In response to Sercomm's prior motion to dismiss, the FAC properly limited its direct infringement claims to the alleged "use" of the claimed methods.  However, the FAC still fails to plausibly allege any "use" in the U.S. by Sercomm, a Taiwan corporation.  This deficiency is exacerbated by the fact that most of the method claims admittedly are not infringed by mere use of a Sercomm product.  Instead—as the FAC itself acknowledges—the claims require that Sercomm's Accused Products, called "Access Points," be used in specific configurations with a plurality of non-Access Point stations, called STAs, which are not made or sold by Sercomm.  For example, Atlas alleges that Sercomm provides technical support to end users of Sercomm Accused Products, but the "use" in that situation would be that of the end user.  Nor does Atlas allege any facts indicating that the Sercomm personnel providing such technical support would be employees of Sercomm in Taiwan, as opposed to employees of non-party Sercomm subsidiaries in the U.S.  Atlas's only other allegations relate to trade shows and employees traveling on business in the U.S., but those allegations are similarly based on conjecture and fail to plausibly show that any employees of Sercomm (Taiwan) used the Sercomm Accused Products while in the U.S. or that they used the

accused Access Points in an allegedly infringing configuration with a plurality of Wi-Fi 6 STAs. Atlas's direct infringement claims for the '259, '738, '513, '679, '919 and '520 patents should therefore be dismissed with prejudice.

Atlas's claims of infringement of the '259, '738, '679 and '520 patents should be dismissed for the separate and independent reason that the claims expressly recite—as the FAC recites—that the claimed methods require the Sercomm Accused AP Products to communicate certain specified data *simultaneously* with a plurality of Wi-Fi 6 STA devices, which again, are not sold or supplied by Sercomm. The FAC still fails to even *allege* that certain claim limitations related to such simultaneous communications are satisfied by any alleged use of the accused Sercomm products. Accordingly, Atlas's claims based on the '259, '738, '679 and '520 patents should be dismissed in their entirety, with prejudice.

Finally, significant deficiencies continue to permeate Atlas's pleading of induced infringement and willfulness. For example, the indirect infringement claims fail because the FAC fails to adequately plead any facts showing that third parties use the Sercomm Accused Products with the required Wi-Fi 6 STAs to practice the claimed methods. Nor does the FAC sufficiently allege that Sercomm has knowledge that its products are used in the U.S. to infringe the asserted claims, that it engages in activity that results in any infringing use, and/or that it has the requisite specific intent to cause any alleged infringement. Although Atlas attached pre-litigation correspondence to its FAC, none of that correspondence even identified the patents-in-suit, much less articulate the basis for any alleged infringement. Atlas's claim for willful infringement fails for similar reasons. Atlas's indirect infringement and willfulness claims should be dismissed.

## II.     FACTUAL BACKGROUND

Atlas is a non-practicing licensing entity that filed the current action against Sercomm on August 9, 2021, alleging infringement of seven patents:  U.S. Patent Nos. 9,763,259 ("the '259 Patent"), 9,825,738 ("the '738 Patent"), 9,912,513 ("the '513 Patent"), 9,917,679 ("the '679 Patent"), 10,020,919 ("the '919 Patent"), 10,756,851 ("the '851 Patent"), and 9,531,520 ("the '520 Patent") (collectively "the Asserted Patents").   *See* Dkt. 1 at ¶ 1; Dkt. 33 at ¶ 1 ("FAC").  The Asserted Patents were assigned to Atlas by Newracom, Inc., in February 2021.  FAC at ¶ 6.

Defendant Sercomm is a Taiwanese corporation with its principal place of business in Taipei, Taiwan.  *Id.* at ¶ 7.  Sercomm develops broadband networking software and firmware and has created products for various types of users, including residential, commercial, and security products.  *See id.* ¶¶ 8-9.  In this case, the products accused of infringement are Wi-Fi 6 broadband routers (also called "Access Points" or "APs") that can connect to Wi-Fi 6 networks and extend or improve coverage.  *See id.* at ¶¶ 37-39.  Atlas alleges that Sercomm's Accused Products are "designed by Sercomm and operate consistent with the requirements of 802.11ax," which is also referred to as Wi-Fi 6.  *See id.* ¶¶ 47, 57, 67, 76, 95, 104.  Atlas alleges that the final version of 802.11ax was approved by the IEEE in February 2021, and that it improves on certain previous Wi-Fi standards.  *Id.* ¶¶ 26-29.  The Accused Products have functionality besides the capability of connecting to a Wi-Fi 6 network (including, for example, supporting the earlier Wi-Fi standards, which are still in widespread use), which is the apparent reason the FAC does not set forth any allegations of contributory infringement.

Sercomm filed a Rule 12(b)(6) motion to dismiss the original Complaint on January 28, 2022.  Dkt. 30.  In its motion, Sercomm demonstrated that Atlas's claims should be dismissed for its failure to allege how ***any*** of the limitations of the asserted claims are met by the accused

products; that Atlas's claims of direct infringement should be dismissed for the six patents where only method claims were asserted, particularly to the extent that Atlas alleged infringement based on activities other than "use"; and that the indirect infringement and willfulness claims should be dismissed. *Id.* In response, Atlas filed its FAC on February 11, 2022, which sought to address many of the deficiencies of the original Complaint. Dkt. 33. However, many of the claims pled in the FAC remain deficient in certain fatal respects, as set forth below.

## III.   PLAINTIFF'S CLAIMS OF DIRECT INFRINGEMENT MUST BE DISMISSED FOR THE SIX PATENTS WHERE ONLY METHOD CLAIMS ARE ASSERTED

### A.   For Six of the Seven Asserted Patents, Atlas Asserts Method Claims That Can Only Be Infringed by Practicing the Claimed Methods

For six of the seven asserted patents, Atlas only asserts infringement of method claims. *See* FAC at ¶ 47 (claim 18 of the ʹ259 patent), ¶ 57 (claim 1 of the ʹ738 patent), ¶ 67 (claim 15 of the ʹ513 patent), ¶ 76 (claim 6 of the ʹ679 patent), ¶ 85 (claim 11 of the ʹ919 patent), ¶ 104 (claim 1 of the ʹ520 patent).

As a matter of law, "[a] method claim is *directly* infringed only by one practicing the patented method." *See Joy Techs., Inc. v. Flakt, Inc.*, 6 F.3d 770, 774-775 (Fed. Cir. 1993) (emphasis in original). Thus, in *Koninklijke Philips N.V. v. Zoll Medical Corp.,* the Federal Circuit declined to hold that Zoll directly infringed a method claim by making or selling accused defibrillator products, even if the products were "configured to *automatically* perform the self-test method claims without any additional intervention by Zoll's customers." 656 Fed. Appx. 504, 521 (Fed. Cir. 2016) (emphasis in original). *Accord, i4i Ltd. P'ship v. Microsoft Corp.*, 598 F.3d 831, 850 (Fed. Cir. 2010) ("Because the claims asserted by i4i are method claims, Microsoft's sale of Word, without more, did not infringe the ʹ449 patent [as] [d]irect infringement occurs only when someone performs the claimed method"), *aff'd,* 564 U.S. 91 (2011); *Ormco Corp. v. Align Tech.,*

*Inc.,* 463 F.3d 1299, 1311 (Fed. Cir. 2006) ("Method claims are only infringed when the claimed process is performed, not by the sale of an apparatus that is capable of infringing use").

Accordingly, Sercomm's prior motion sought the dismissal of plaintiff's direct infringement claims to the extent that they were based on Sercomm making, selling, offering to sell, or importing products, because infringement of a method claim must be limited to "use" under 35 U.S.C. § 271(a). Dkt. 30 at pp. 3-7. Recognizing its error, Atlas amended its claims to only allege infringement based on "use." *See, e.g.,* FAC at ¶¶ 47, 57, 67, 76, 85 and 104. But its allegations of direct infringement against Sercomm remain factually insufficient.

### B. The Asserted Method Claims Require that the Sercomm Accused Products Be Used in a Specified Manner with Certain Non-Sercomm Wi-Fi 6 Devices

None of the asserted method claims can be practiced by using only a Sercomm Accused Product. As the FAC acknowledges, Sercomm's Accused AP Products must communicate with certain types of non-Sercomm Wi-Fi 6 devices (referred to as stations or STAs) in order for a user to even *potentially* practice the patented methods. For the method claims of five of the patents-in-suit, Sercomm's accused products must be used with a *plurality* of the non-Sercomm Wi-Fi 6 STAs, whereas for the '919 patent, the claimed method limits communication to *only one* such STA. As will be discussed further herein, the FAC fails to plead any facts showing direct infringement by Sercomm, *i.e.,* that any employee of the defendant, Sercomm (Taiwan), has assembled the accused Sercomm AP Products into a network with non-Sercomm Wi-Fi 6 STAs in the U.S. and used it in an infringing manner. Nor has Atlas pled facts showing that third parties practice the claimed methods or that any such infringement is induced by Sercomm.

For every asserted method claim of the '259, '738, '513, '679, and '520 patents, Atlas alleges that the method claims require communications between Sercomm's Accused AP Products and "a plurality of STA devices" or "a set of STAs," none of which are alleged to be made or

5

supplied by Sercomm.  FAC at ¶¶ 46-48, 56-58, 65-67, 75-76, 103-105.  The term "AP" refers to an "Access Point," which is sometimes referred to as a router, or a similar device that acts as a source of a Wi-Fi connection.  All of Sercomm's accused products are APs.  *See id.*  The term "STA" refers to a non-AP station, *i.e.,* a Wi-Fi 6 communication device that **could** be connected to a Wi-Fi 6 network that is **not** an Access Point.  *Id.* at ¶ 45.

Consistent with the allegations of the FAC, the asserted claims of the ʼ259, ʼ738, ʼ513, ʼ679 and ʼ520 patents each recite methods that require the use of a *plurality* of devices *other than* the claimed device:

- Claim 18 of the ʼ259 patent:  claims "a transmitting device" performing a method while communicating with "a plurality of receiving devices."

- Claim 1 of the ʼ738 patent:  claims "an access point" performing a method while communicating with "a plurality of stations."

- Claim 15 of the ʼ513 patent:  claims "an access point" performing a method while communicating with "a set of stations."

- Claim 6 of the ʼ679 patent:  claims "an access point" performing a method while communicating with "a station (STA)" and "at least one other STA."

- Claim 1 of the ʼ520 patent:  claims "a network device" performing a method while communicating with "a plurality of resource units."

Conversely, for the ʼ919 patent, Atlas alleges that Sercomm's Accused AP Products practice the claimed method when communicating with "a single STA device."  *Id.* at ¶¶ 84-86.  This is because claim 11 of the ʼ919 patent claims "a wireless device" that performs a method for transmitting "when a number of the one or more station information fields … is one."  Thus, the claimed method of the ʼ919 patent and the claimed methods of the ʼ259, ʼ738, ʼ513, ʼ679 and ʼ520 patents are *mutually exclusive*.

Finally, not only do the claimed methods need to be performed by the Sercomm Accused AP Products when connected with certain non-Sercomm Wi-Fi 6 devices, but for the method

6

claims of at least the '259, '738, '679 and '520 patents, the Sercomm Accused AP Products must communicate certain information *simultaneously* with a plurality of non-Sercomm Wi-Fi 6 devices.  *See* discussion *infra* at pp. 11-15; FAC at ¶¶ 45, 55, 75, 104.

### C.    Atlas Fails to Plead Facts Sufficient to Show That Defendant Sercomm (Taiwan) Directly Infringes by Practicing the Claimed Methods in the United States

In its original Complaint, Atlas failed to plead **any** specific activities of Sercomm in the United States—much less that Sercomm, a Taiwanese corporation, practices the claimed methods in the United States.  Atlas thus failed to plead facts sufficient to show any direct infringement by Sercomm.  *See* Motion to Dismiss, Dkt. 30 at pp. 3-7.

In its First Amended Complaint, Atlas identifies three types of activities that it speculates might result in direct infringement by Sercomm in the United States.  However, none of Atlas's allegations withstand scrutiny, as they fail to show that the claimed methods are actually practiced by employees of Sercomm (Taiwan) within the U.S., nor do the allegations ever move beyond baseless conjecture.

Rule 12(b)(6) requires that a complaint contain sufficient factual matter, if accepted as true, to "'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  To meet this factual plausibility standard, the plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," based on "more than a sheer possibility that a defendant has acted unlawfully."  *Id.* (citing *Twombly*, 550 U.S. at 556).  "Courts 'are not bound to accept as true a legal conclusion couched as a factual allegation'; '[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.'"  *De La Vega v. Microsoft Corp.*, No. W-19-CV-00612-ADA, 2020 WL 3528411, at *2

(W.D. Tex. Feb. 11, 2020) (Albright, J.) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Thus, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," the complaint fails to show that the pleader is entitled to relief and it should be dismissed. *Ashcroft*, 556 U.S. at 679.

For each of the asserted claims of the '259, '738, '513, '679, '919 and '520 patents, Atlas fails to allege any ***facts*** showing that employees of ***Defendant Sercomm (Taiwan)*** perform each step of the patented methods in the United States. Instead, Atlas pleads various alleged hypotheticals upon "information and belief" that—even taken as true—do not infer anything more than the *mere possibility* of the claimed methods being practiced (*e.g.,* by personnel visiting the U.S.). Having failed to plead sufficient facts in its *amended* Complaint to show that employees of Sercomm (Taiwan) have practiced each step of any claimed method in the U.S., Atlas's direct infringement claims against Sercomm for these six patents should be dismissed with prejudice.

First, Atlas alleges on "information and belief" that Sercomm employees from Taiwan, when they visit the United States, might perform the infringing methods when they visit "Sercomm's U.S. offices … when sending and receiving data over Sercomm's wireless networks." FAC at ¶ 40. Atlas is presumably referring to offices of U.S. subsidiaries of Sercomm (identified as Sercomm USA, Inc. and Sercomm Technology, Inc. in footnote 1 of the FAC), since Defendant Sercomm Corporation has no offices in the U.S. However, Atlas cites no factual support for its speculation that these U.S. offices "use Sercomm's Wi-Fi 6 products to provide a wireless network." *Id.* Moreover, as explained *supra* at pp. 5-7, the asserted methods can only be practiced when the accused Sercomm Wi-Fi 6 Access Points are used in a network with a plurality of non-Sercomm Wi-Fi 6 STAs. The FAC does not allege that such a combination of devices exists at any Sercomm office in the U.S., much less that visiting employees from Taiwan have actually used

an allegedly infringing configuration of devices to practice each step of any patented method.  *Id.*
Atlas's theory that Sercomm employees from Taiwan might use a Wi-Fi 6 network that practices
every step of a claimed method is nothing but speculation and conjecture and has no factual
support.

Second, Atlas alleges "on information and belief" that "Sercomm employees" perform the
infringing methods in the United States "when they demonstrate the infringing Wi-Fi 6 features of
the Accused Products to actual and potential U.S. customers, for example at trade shows, product
demonstrations, and more generally as part of selling the Accused Products."  FAC at ¶ 41.
However, Atlas does not identify any of these individuals, nor does Atlas allege that employees of
Defendant Sercomm (Taiwan) have performed such product demonstrations in the U.S., as
opposed to employees of the U.S. subsidiaries that reside in the U.S.  *Id.*  Moreover, as explained
*supra* at pp. 5-7, the asserted methods can only be practiced when the accused Sercomm Wi-Fi 6
Access Points are used in a network with a plurality of non-Sercomm Wi-Fi 6 STAs.  The FAC
does not allege that such a combination of devices has ever been used or demonstrated "at trade
shows, product demonstrations, and more generally as part of selling the Accused Products," much
less that such a combination was put to an infringing use—to practice each step of a claimed
method—by a visiting employee of Sercomm Corp. from Taiwan.  *Id.*

Finally, in a single conclusory sentence, Atlas alleges that "Sercomm employees also use
the Accused Products to perform the infringing methods in the United States as part of providing
customer support to Sercomm's actual and potential customers, for example when trouble-
shooting customer issues and resolving technical problems."  FAC at ¶ 42.  In this context,
however, the method would be performed by the customer, not the Sercomm employee, and
therefore cannot constitute direct infringement by Sercomm.  In addition, once again, Atlas does

not allege or plead any facts to suggest that employees of Defendant Sercomm (Taiwan) are involved in providing technical support to customers in the U.S., as opposed to employees of the U.S. subsidiaries.  And there are no facts alleged showing that the customers receiving technical support used the accused Sercomm APs with non-Sercomm Wi-Fi 6 STAs to practice the claimed methods.  Regardless, none of Atlas' hypothetical customer support examples demonstrate direct infringement, either by Sercomm or anyone else.

Atlas's allegations in its First Amended Complaint are analogous to those in *Panduit Corp. v. Corning Inc.,* 2019 WL 189817 at *3-6 (E.D.N.C. January 14, 2019).  In that case, the plaintiff had alleged "on information and belief" that the defendant used the infringing methods during certain testing activities and as shown in a specified promotional video.  *Id.* at *2.  However, the plaintiff "failed to allege beyond bare accusations that defendant has employed plaintiff's patented methods," showing only "a sheer possibility" that the defendant had practiced the methods.  In particular, the plaintiff only identified "the product on which the claimed method has allegedly been performed," and did not allege specific facts explaining "how defendant has used plaintiff's method, nor offered exhibits or any other sufficient factual matter" to show that the defendant performed "the three steps of plaintiff's patented method." *Id.* at *3-5.  A similar fact pattern exists here, where Atlas alleges—at best—that employees of Defendant Sercomm (Taiwan) might have used accused products when visiting the United States, but offers no factual support that the Accused Products were *actually* used by any such employee, much less that any Accused Products were used *in an infringing configuration* with a plurality of STA devices and that *each step of any claimed method was actually performed*.

IV.   **THE AMENDED COMPLAINT FAILS TO ALLEGE THAT CERTAIN LIMITATIONS OF THE ASSERTED CLAIMS OF THE ʼ259, ʼ738, ʼ679 AND ʼ520 PATENTS ARE PRACTICED BY ANY ACCUSED PRODUCT**

In Sercomm's original motion to dismiss, Sercomm demonstrated that Atlas had failed to show that each element of the asserted claims is infringed, by use of the Accused Products or otherwise.   Dkt. 30 at pp. 7-11.   In lieu of opposing Sercomm's motion, Atlas amended its complaint to more specifically plead how the Accused Products have the alleged capability of practicing the limitations of the claims.   However, the First Amended Complaint fails to even allege—much less plausibly demonstrate—that certain limitations of the asserted method claims of the ʼ259, ʼ738, ʼ679 and ʼ520 patents are practiced by use of the Accused Products, whether by Sercomm or by any third party.   Plaintiff's claims of infringement for the ʼ259, ʼ738, ʼ679 and ʼ520 patents should be dismissed with prejudice for this additional and independent reason.

A complaint must "provid[e] facts sufficient to create a plausible inference that each element of the [asserted] claim is infringed by the accused products."   *Diem LLC v. BigCommerce, Inc.*, No. 6:17-CV-186-JRG-JDL, 2017 WL 9935521, at *2 (E.D. Tex. May 11, 2017); *see also Metricolor LLC v. L'Oreal S.A.*, 791 F. App'x 183, 188 (Fed. Cir. 2019) (holding that infringement was insufficiently pled because "nothing in the complaint show[ed] that the Accused Products contain[ed a particular limitation]"); *De La Vega* 2020 WL 3528411, at *6 (dismissing with prejudice the plaintiff's complaint where "the Complaint [was] devoid of allegations that would support an inference that [defendant] (or anyone) perform[ed] the coupling steps").

Not only do the claimed methods need to be performed by the Sercomm Accused AP Products when connected with certain non-Sercomm Wi-Fi 6 devices, as discussed *supra* at pp. 5-7, but for the method claims of at least the ʼ259, ʼ738, ʼ679 and ʼ520 patents, the Sercomm Accused AP Products must receive and/or transmit certain information *simultaneously* from or to a plurality

11

of non-Sercomm Wi-Fi 6 devices.  This is reflected in both the patent claims and the First Amended

Complaint's description of the claimed method:

- Claim 18 of the '259 patent:  "wherein the plurality of feedback frames from the plurality of receiving devices are received <u>at a same time</u>."  *See* FAC at ¶ 45.

- Claim 1 of the '738 patent:  claims "<u>simultaneously</u> receiving multiple uplink frames from multiple stations of the plurality of stations."  *See* FAC at ¶ 55.

- Claim 6 of the '679 patent:  claims "receiving the acknowledgement frame in the MU format on an allocated resource <u>simultaneously</u> with transmission of at least one acknowledgement frame from at least one other STA."  *See* FAC at ¶ 75.

- Claim 1 of the '520 patent:  claims "receiving the uplink multi-user response transmission, the uplink multi-user response transmission including multi-user acknowledgement transmissions respectively and <u>simultaneously</u> transmitted by two or more stations in the plurality of stations" and "wherein the plurality of RUs respectively correspond to a plurality of <u>simultaneous</u> uplink transmissions, and each of the plurality of <u>simultaneous</u> uplink transmissions uses a sub-channel, spatial stream, or sub-channel and spatial stream combination that is not used by any other of the plurality of <u>simultaneous</u> uplink transmissions."  *See* FAC at ¶ 104.

The FAC wholly fails to allege that the above limitations for the asserted claims of the

'259, '738, '679 and '520 patents are met by any of the accused products or even when supporting

portions of the 802.11ax specification.  There is no allegation—even in Atlas's First *Amended*

Complaint—that any of Sercomm's accused products are either designed to, capable of, or actually

satisfy the limitation of "<u>simultaneously</u> receiving multiple uplink frames from multiple stations

of the plurality of stations" as required by claim 1 of the '738 patent (FAC at ¶¶ 56-58), the

limitation "receiving the acknowledgement frame in the MU format on an allocated resource

<u>simultaneously</u> with transmission of at least one acknowledgement frame from at least one other

STA," as required by claim 6 of the '679 patent (FAC at ¶¶ 76-77), or the limitation "wherein …

<u>each of the plurality of simultaneous uplink transmissions</u> uses a sub-channel, spatial stream, or

sub-channel and spatial stream combination that is <u>not used by any other of the plurality of</u>

<u>simultaneous uplink transmissions</u>" in claim 1 of the '520 patent (FAC at ¶¶ 104-106) (alleging

that the products are capable of simultaneously receiving transmissions from multiple STAs, but never alleging that those transmissions use different subchannels or spatial streams as required by the claim).  Nor does Atlas even allege that these "simultaneously" limitations in the claims of the ʼ738, ʼ679 and ʼ520 patents are required to support 802.11ax.  FAC at ¶¶ 56-58, 76-77, 104-106.

The failure of Atlas to even allege, much less demonstrate, that these limitations are practiced by the Accused Products does not satisfy the standard for plausibly pleading a claim of infringement.  For example, in *Metricolor LLC v. L'Oreal S.A.*, the Federal Circuit affirmed the district court's dismissal under Rule 12(b)(6) where "nothing in the complaint shows that the Accused Products contain the 'air-tight reclosing seal' / 'air-tight reclosable seal' required by the independent claims" and the Complaint failed to identify any "air-tight" seal in any of the Accused Products.  791 Fed. Appx. 183, 188 (Fed. Cir. 2019).  Similarly, in *De La Vega v. Microsoft Corp.*, this Court granted Google's motion to dismiss where the Complaint was "devoid of allegations that would support an inference that it (or anyone) performs the coupling steps."  2020 WL 3528411 at *6 (W.D. Tex. Feb. 11, 2020) (Albright, J.).  "For the 'coupling' limitation, Plaintiff does not provide any written description of how the Accused Instrumentalities perform the 'coupling' step."  *Id.* (further noting that plaintiff did not identify additional limitations including "cellular telephony," "cellular telephony coverage area," "acquisition while in motion" or "networked computer" in the context of any accused product).  Because plaintiff failed to "state a claim to relief that is plausible on its face," even in its amended complaint, this Court dismissed its allegations of direct infringement with prejudice.  *Id.*  Atlas's First Amended Complaint in the present case is similarly deficient in its failure to even allege that certain "simultaneous" limitations of the asserted claims of the ʼ738, ʼ679 and ʼ520 patents are practiced by the accused products.

13

Moreover, this Court has found that conclusory allegations that each claim limitation is met by the accused products may be insufficient to satisfy the pleading standard, which is ***more*** than what Atlas has pled here.  In *Vervain, LLC v. Micron Technology, Inc.,* this Court held that the Complaint failed to sufficiently plead direct infringement because it lacked sufficient factual allegations to support a reasonable inference that the accused M600 product practiced the "hot blocks" and "data integrity test" limitations of the claims.  Case No. 6-21-cv-00487, Dkt. 32 (W.D. Tex. January 3, 2022) (J. Albright) (Order Granting Defendants' Motion to Dismiss Under Rule 12(b)(6)).  In cases involving "complex technology," it is insufficient to "summarily allege[] that each and every limitation is satisfied."  *Id.*  Rather, the Federal Circuit has denounced a "blanket element-by-element pleading standard for patent infringement," favoring instead a flexible inquiry into "whether the factual allegations in the complaint are sufficient to show that the plaintiff has a plausible claim for relief," considering "the complexity of the technology, the materiality of any given element to practicing the asserted claim(s), and the nature of the allegedly infringing device." *Id., quoting Bot M8 LLC v. Sony Corp. of America,* 4 F.4th 1342, 1352-53 (Fed. Cir. 2021).  The pleading standard set forth in *Bot M8* and applied by this Court in *Vervain* is certainly not satisfied where, as here, the technology at issue is alleged to support 802.11ax—the most advanced "next generation" WiFi technology that is being implemented—yet even the First *Amended* Complaint fails to show how the "simultaneous" limitations of the claims are satisfied by the Accused Products.

For the '259 patent, the allegations of the FAC are framed differently than the allegations for the '738, '679 and '520 patents.  While the FAC alleges that Sercomm's Accused AP Products are "designed" to receive two feedback frames "simultaneously," it never alleges that any Sercomm Accused Products have ever done so when in use.  FAC at ¶¶ 45-47.  Nor does the

Amended Complaint's citation to the 802.11ax specification help, as it states that the feedback frames are received in "one or more sequences."  FAC at ¶ 48 (Figure 26-8).  Thus, even Atlas' conclusory allegations and attempt to cite some evidence for the '259 patent, which it did not even attempt for the '738, '679 and '520 patents, demonstrate the exact opposite of what it attempted to plead and cannot support any plausible inference that the Sercomm Accused Products are capable of infringement, much less that they have been used to actually performed the claimed method.

Accordingly, Atlas's claims of infringement of the '259, '738, '679 and '520 patents should be dismissed with prejudice, in their entirety, on this independent basis.

## V.   THE AMENDED COMPLAINT FAILS TO ADEQUATELY PLEAD INDIRECT INFRINGEMENT

Atlas fails to plausibly allege facts showing that any third parties actually practice the claimed methods of the '259, '738, '513, '679, '520 and '919 patents.  Moreover, Atlas fails to plead facts—even in its amended complaint—that Sercomm knowingly induced its customers to infringe **any** of the asserted patents, that it engaged in actions that induced infringing acts, or that it had specific intent to induce any direct infringement.  Accordingly, Atlas's claims for induced infringement should be dismissed.

Allegations that merely repeat the language of § 271(b) without any supporting factual allegations, and allegations that are merely conclusory and speculative in nature, are insufficient to support a claim for inducing infringement and are properly dismissed.

> [T]o adequately plead a claim of induced infringement, a plaintiff must demonstrate that "the defendant knew of the patent and that the induced acts constitute patent infringement." *Commil USA, LLC v. Cisco Sys.*, Inc., 135 S. Ct. 1920, 1926 (2015) (internal quotation marks omitted). Further, a plaintiff must allege a specific intent to induce infringement, which is "evidence of culpable conduct, directed to encouraging another's infringement, not merely that the inducer had knowledge of the direct infringer's activities." *DSU Med. Corp. v. JMS Co.*, 471 F.3d 1293, 1306 (Fed. Cir. 2006).

*Monolithic Power Sys., Inc. v. Meraki Integrated Cir. (Shenzhen) Tech., Ltd.*, No. 6:20-CV-008876-ADA, 2021 WL 3931910, at *5 (W.D. Tex. Sept. 1, 2021) (Albright, J.).  A sustainable claim of induced infringement must support some "showing that the alleged infringer's actions induced infringing acts and that he knew or should have known his actions would induce actual infringements." *Manville Sales Corp. v. Paramount Sys., Inc.,* 917 F.2d 544, 553 (Fed.Cir.1990). Thus, in *Monolithic Power,* this Court dismissed a claim for induced infringement because the Complaint failed to allege or plead facts sufficient to show specific intent to induce the alleged direct infringe to infringe the patents.  With reference to claims for induced infringement and enhanced damages based on willful infringement, this Court has held that "absent exceptional circumstances, such claims should be dismissed without prejudice at this stage of the case." *See also Affinity Labs of Tex., LLC v. Toyota Motor N. Am., Inc.*, No. 2:13-CV-365, 2014 WL 2892285, at *4-8 (W.D. Tex. May 12, 2014) (dismissing claim for induced infringement).

Atlas's allegations that Sercomm induces infringement fail to state a claim.  Atlas alleges that Sercomm "indirectly infringes [the asserted claims] by active inducement in violation of 35 U.S.C. § 271(b), by at least manufacturing, supplying, distributing, selling, and/or offering for sale the Accused Products to their customers with the knowledge and intent that use of those products would constitute direct infringement."  FAC at ¶ 50; *see also id.* at ¶¶ 60, 70, 79, 88, 98, 107.  Atlas further alleges that Sercomm advertises to its customers that its products support Wi-Fi 6, that Sercomm instructs customers on how to connect the Accused Products to Wi-Fi networks that might support Wi-Fi 6 devices, and that Sercomm "provides technical support" that somehow "encourages them to use the Accused Products in an infringing manner." *Id.* at ¶¶ 51, 61, 71, 80, 89, 99, 108.  However, none of Atlas's pre-litigation communications with Sercomm even identified the asserted patents, much less provide any claim charts or other contentions of

infringement.  *See id.* at ¶¶ 112-115, Ex. H.  Moreover, as set forth in Sercomm's original Motion to Dismiss, Dkt. 30 at pp. 7-11, nowhere in the original Complaint did Atlas allege that each limitation of any asserted claim is required by the 802.11ax specification or is necessarily satisfied by products that support 802.11ax.  Accordingly, the FAC fails to allege—and indeed, cannot allege—that Sercomm had any prior knowledge that products that support Wi-Fi 6 practice the asserted claims, or that Sercomm has specific intent to cause infringement by users of the Accused Products.

Indeed, Atlas fails to plausibly allege facts showing that any third parties directly infringe by actually practicing the claimed methods of the '259, '738, '513, '679, '520 and '919 patents.  As explained *supra* at pp. 5-7, Sercomm's Accused AP Products must be used together with certain types of *non-Sercomm* Wi-Fi 6 devices referred to as stations or STAs that also support Wi-Fi 6.  For the method claims of five of the patents-in-suit, Sercomm's accused products must be used with a *plurality* of the non-Sercomm Wi-Fi 6 STAs, whereas for the '919 patent, the claimed method limits communication with *only one* such STA.  *Id.*

Atlas has not pled facts showing that ***any*** third parties have actually practiced the claimed methods, *e.g.,* by using Sercomm's Accused AP Products in an allegedly infringing configuration of non-Sercomm Wi-Fi 6 STAs.  The FAC does not identify even one specific instance of such use or any specific third party infringer.  The FAC just baldly asserts that the claimed methods "are performed by Sercomm's customers or end-users," without any supporting factual allegations.  FAC at ¶¶ 49-51, 59-61, 69-71, 78-80, 87-89, 97-99, and 106-108.  Atlas does nothing more than allege that if customers "connect the Accused Products to Wi-Fi networks so that they may practice the 802.11ax Standard" they will perform the infringing methods.  But as discussed *supra*, merely using Sercomm's Accused Products with "Wi-Fi networks" is insufficient to practice the claimed

methods, because every claimed method requires that Sercomm's Accused AP Products communicate in specified ways—either with a plurality of non-Sercomm STAs that also support Wi-Fi 6 (the '259, '738, '513, '679, and '520 patents) or with only one such STA (the '919 patent).

In the absence of any pled facts showing that third parties practice the claimed methods, Atlas's indirect infringement claims necessarily fail.  35 U.S.C. § 271(b), (c); *Limelight Networks, Inc. v. Akamai Techs., Inc.*, 572 U.S. 915, 921 (2014) ("our case law leaves no doubt that inducement liability may arise 'if, but only if, [there is] … direct infringement'"); *Joy Techs.*, 6 F.3d at 774 ("Liability for either active inducement of infringement or for contributory infringement is dependent upon the existence of direct infringement"); *De La Vega*, 2020 WL 3528411, at *7 ("To support a claim for indirect infringement, a plaintiff must plead 'facts sufficient to allow an inference that at least one direct infringer exists") (citation omitted).

Plaintiff's claims for inducing infringement should be dismissed for these additional and independent reasons.

## VI.   THE COMPLAINT FAILS TO STATE A CLAIM FOR WILLFULL INFRINGEMENT

Atlas's FAC sets forth allegations of willfulness but fails to allege any facts showing that Sercomm had any knowledge of the alleged infringement prior to the filing of the original Complaint, or even as a result of the original Complaint.  Without such factual support, Atlas's claim for willful infringement should be dismissed.

> [T]o allege willful infringement, the plaintiff must plausibly allege the "subjective willfulness of a patent infringer, intentional or knowing." *Halo Electronics, Inc. v. Pulse Electronics, Inc.*, ____ U.S. ____, 136 S.Ct. 1923, 1933, 195 L.Ed.2d 278 (2016). This requires a plaintiff to allege facts plausibly showing that the accused infringer: "(1) knew of the patent-in-suit; (2) after acquiring that knowledge, it infringed the patent; and (3) in doing so, it knew, or should have known, that its conduct amounted to infringement of the patent." *Parity Networks, LLC v. Cisco Sys., Inc.*, No. 6:19-CV-00207-ADA, 2019 WL 3940952, at *3 (W.D. Tex. July 26, 2019).

18

*USC IP P'ship, L.P. v. Facebook, Inc.*, No. 6:20-CV-00555-ADA, 2021 WL 3134260, at *1 (W.D. Tex. July 23, 2021) (Albright, J.)  Moreover, "'[t]he sort of conduct warranting enhanced damages has been variously described … as willful, wanton, malicious, bad-faith, deliberate, consciously wrongful, flagrant, or—indeed—characteristic of a pirate.'" *Meetrix*, 2018 WL 8261315, at *3 (quoting *Halo* 136 S.Ct. 1923 at 1932).

Atlas attached various correspondence and emails with Sercomm prior to the filing of the original Complaint, but none of those communications even reference the asserted patents, much less set forth any basis for Sercomm to know that its products infringe the patents.  FAC at ¶¶ 111-115 and Ex. H.  Atlas's pre-litigation correspondence communicated nothing more than the fact that it had acquired more than 650 patents from Newracom that covered "key improvements in Wi-Fi technology" that were adopted into the 802.11ax specification.  *Id.*  This certainly does not support any claim that Sercomm engaged in subjective willfulness or that Sercomm infringed the patents after acquiring knowledge of the patents, and that in doing so, it knew, or should have known, that its conduct amounted to infringement of the patents or of conduct warranting enhanced damages.  Even the original Complaint failed to attach any claim charts and failed to even allege that the limitations of the asserted claims were satisfied by any Accused Product or even the 802.11ax specification.  Dkt. 30 at pp. 7-11.  Accordingly, the FAC still fails to state a claim for willfulness-based enhanced damages.

## VII.   CONCLUSION

For the foregoing reasons, Sercomm respectfully requests that the Court dismiss Atlas's claims for direct infringement of the ʼ259, ʼ738, ʼ513, ʼ679, ʼ919 and ʼ520 patents; the entirety of Atlas's infringement claims for the ʼ259, ʼ738, ʼ679 and ʼ520 patents; and Atlas's claims for indirect infringement and willful infringement.

Dated:  February 25, 2022

**MANN | TINDEL | THOMPSON**

By:    */s/ G. Blake Thompson*
**G. Blake Thompson**
State Bar No. 24042033
Email: Blake@TheMannFirm.com
**J. Mark Mann**
State Bar No. 12926150
Email: Mark@TheMannFirm.com
201 East Howard Street
Henderson, TX 75654
T:  903.657.8540
F:  903.657.6003

Jeffrey Johnson (SBN 24029638)
Email:  jj@orrick.com
ORRICK, HERRINGTON & SUTFLIFFE LLP
609 Main Street, 40th Floor
Houston, TX 77002
T:  713.658.6400
F:  713.658.6401

Robert J. Benson
Email:  rbenson@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
2050 Main Street, Suite 1100
Irvine, CA 92614
T:  949.567.6700
F:  949.567.6710

*Attorneys for Defendant Sercomm Corp.*

## CERTIFICATE OF SERVICE

The undersigned certifies that on February 25, 2022, all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document through the Court's CM/ECF system under Local Rule CV-5(a)(3).  Any other counsel of record will be served by a facsimile transmission or first-class mail.

  */s/ G. Blake Thompson*
**G. Blake Thompson**

4152-4607-5957.1
02/25/22