**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

| | | |
|---|---|---|
| **ATLAS GLOBAL TECHNOLOGIES LLC**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**SERCOMM CORPORATION,**<br><br>**Defendant.** | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | **Civil Action No. 6:21-cv-818-ADA**<br><br>**Jury Trial Requested** |

**ATLAS'S ANSWER TO SERCOMM'S COUNTERCLAIMS**

Plaintiff Atlas Global Technologies LLC ("Atlas") answers the counterclaims of Defendant Sercomm Corporation ("Sercomm") as follows. *See* Dkt. No. 82 (Sercomm's Answer to Atlas's First Amended Complaint). Where possible, Atlas answers Sercomm's allegations using the same paragraph numbers that appear in the Counterclaims section of Sercomm's pleading. *See id*. at 15-26. All of Sercomm's allegations not expressly admitted in this Atlas pleading are denied.

**SERCOMM'S COUNTERCLAIMS**

**THE NATURE OF THE ACTION**

1. Admitted that Sercomm has asserted counterclaims and seeks damages and injunctive relief. Atlas specifically denies that Sercomm's counterclaims have merit and that Sercomm is entitled to any damages, as well as all other allegations in this paragraph.

**THE PARTIES**

2. Admitted that Sercomm purports to be a Taiwanese corporation with its principal place of business at 8F, No. 3-1, YuanQu St. (Nankang Software Park), Taipei 115, Taiwan.

3. Admitted.

## JURISDICTION AND VENUE

4. Paragraph 4 alleges legal conclusions to which no response is required.

5. Paragraph 5 alleges legal conclusions to which no response is required.

6. Admitted that Atlas has submitted to jurisdiction in this Court.

7. Admitted that venue is proper in this district for the claims and counterclaims asserted in this litigation between these parties.

## INTERSTATE COMMERCE

8. Atlas is without information sufficient to admit or deny the allegations and characterizations concerning TP-Link's products contained in Paragraph 8.

## GENERAL ALLEGATIONS

9. Admitted that Atlas acquired the Asserted Patents through assignment on or about February 19, 2021 from Newracom, and that Newracom was the original owner of the Asserted Patents through assignment from the named inventors. Otherwise, denied.

10. Admitted that Newracom was a member of the IEEE's Wi-Fi 6 working group and was a participant in the standardization meetings that led to the final publication of the 802.11ax-2021 standard. Otherwise, denied.

11. Admitted that Newracom submitted a "Letter of Assurance for Essential Patent Claims" to the IEEE dated March 11, 2015 that was limited to IEEE 802.11ax. Exhibit A to Sercomm's pleading (Dkt. No. 82-1) appears to be a copy of that letter. Otherwise, denied.

12. Admitted that Joongwon Cho appears to have signed the March 11, 2015 Letter of Assurance. *See* Dkt. No. 82-1 at 4. The remaining allegations in this paragraph are legal conclusions to which no response is required or are otherwise denied.

13. Admitted that the March 11, 2015 Letter of Assurance has a box checked next to the form language stating: "The Submitter may own, control, or have the ability to license Patent Claims that might be or become Essential Patent Claims." Dkt. No. 82-1 at 2. The remaining allegations in this paragraph are legal conclusions to which no response is required or are otherwise denied.

14. Admitted that the March 11, 2015 Letter of Assurance has a box checked next to the form language stating: "The Submitter will grant a license under reasonable rates to an unrestricted number of applicants on a worldwide basis with reasonable terms and conditions that are demonstrably free of unfair discrimination." Dkt. No. 82-1 at 3. The remaining allegations in this paragraph are legal conclusions to which no response is required or are otherwise denied.

15. Admitted that the March 11, 2015 Letter of Assurance has a box checked next to the form language stating: "When checked, this Letter of Assurance is a Blanket Letter of Assurance. As such, all Essential Patent Claims that the Submitter may currently or in the future have the ability to license shall be available under the terms as indicated above in part D.1." Dkt. No. 82-1 at 3. The remaining allegations in this paragraph are legal conclusions to which no response is required or are otherwise denied.

16. Admitted that the immediate applications for each of the Asserted Patents in this case were filed after the March 11, 2015 Letter of Assurance: (1) the '259 Patent resulted from application 14/862,078, which was filed on September 22, 2015; (2) the '738 Patent resulted from application 14,678,724, which was filed on April 3, 2015; (3) the '513 Patent resulted from application 15/203,717, which was filed on July 6, 2016; (4) the '679 Patent resulted from application 14/931,753, which was filed on November 3, 2015; (5) the '919 Patent resulted from

application 15/497,094, which was filed on April 25, 2017; (6) the '851 Patent resulted from application 16/203,501, which was filed on November 28, 2018; and (7) the '520 Patent resulted from application 15/078,920, which was filed on March 23, 2016. *See* Dkt. Nos. 33-1 to 33-7. The remaining allegations in this paragraph are legal conclusions to which no response is required or are otherwise denied.

17. Admitted that the IEEE website currently states: "An Accepted Letter of Assurance is intended to be binding upon any and all assignees and transferees of any Essential Patent Claim covered by such LOA." https://standards.ieee.org/about/policies/bylaws/sect6-7/. Further admitted that the IEEE website currently states: "The Submitter and all Affiliates (other than those Affiliates excluded in a Letter of Assurance) shall not, with the intent of circumventing or negating any of the representations and commitments made in the Accepted Letter of Assurance, assign or otherwise transfer any rights in any Essential Patent Claims that they hold, control, or have the ability to license and for which licensing assurance was provided on the Accepted Letter of Assurance." *Id.* The remaining allegations in this paragraph are legal conclusions to which no response is required or are otherwise denied.

18. Admitted that the IEEE website currently states: "A Letter of Assurance is irrevocable once submitted and accepted and shall apply, at a minimum, from the date of the standard's approval to the date of the standard's transfer to inactive status." https://standards.ieee.org/about/policies/bylaws/sect6-7/. The remaining allegations in this paragraph are legal conclusions to which no response is required or are otherwise denied.

19. Admitted that the First Amended Complaint alleges Sercomm infringes based on its products that comply with the 802.11ax standard. *See* Dkt. No. 33. The remaining

allegations in this paragraph are legal conclusions to which no response is required or are otherwise denied.

20. Admitted that Sercomm infringes the Asserted Patents based on products that comply with the 802.11ax standard. *See* Dkt. No. 33. The remaining allegations in this paragraph are legal conclusions to which no response is required or are otherwise denied.

21. Admitted that Atlas has licensed the Asserted Patents to other parties, including Samsung. Further admitted that the existence of the Atlas-Samsung license has been publicly disclosed. *E.g.*, https://www.businesswire.com/news/home/20211110005881/en/. Otherwise, denied.

22. Denied that Atlas has violated any FRAND obligations.

23. Admitted that Newracom currently appears to be a member of the Wi-Fi Alliance. https://www.wi-fi.org/membership/member-companies?title=newracom. Atlas is without knowledge or information sufficient to form a belief as to the truth of the further allegations and characterizations in this paragraph, and therefore denies them.

24. Admitted that Sercomm currently appears to be a member of the Wi-Fi Alliance. https://www.wi-fi.org/membership/member-companies?title=sercomm. Atlas is without knowledge or information sufficient to form a belief as to the truth of the further allegations and characterizations in this paragraph, and therefore denies them.

25. Admitted that Exhibit B to Sercomm's counterclaim is titled "Wi-Fi Alliance Intellectual Property Rights Policy." Dkt. No. 82-2. Atlas is without knowledge or information sufficient to form a belief as to the truth of the allegations and characterizations in this paragraph concerning the Wi-Fi Alliance IP Policy, and therefore denies them.

26. Admitted that section 3.2 of Exhibit B to Sercomm's counterclaim states: "Any Member (or its Affiliate) who: (a) makes a Contribution to a Specification; or (b) Participates hereby agrees that, upon request and subject to Sections 3.2(2), 3.8, and 4.2(1)(c), it will grant to other Members, their Affiliates and any implementers of the Specification, under reasonable and nondiscriminatory terms (and on a royalty-free basis if the Member has so indicated under Section 4.2(1)(a)), a nonexclusive, nontransferable (except to a successor in interest of all or the relevant part of the business of such other Members, their Affiliates and any implementers), non-sublicensable, worldwide license under its Necessary Claims to allow such Members, their Affiliates and implementers to make, have made, use, import, offer to sell, lease, sell and otherwise distribute implementations compliant with all relevant required portions of such Specification." Dkt. No. 82-2 at 5. Atlas is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations and characterizations in this paragraph concerning the Wi-Fi Alliance IP Policy, and therefore denies them.

27. Admitted that section 3.2 of Exhibit B to Sercomm's counterclaim states: "Each Member agrees that it will not transfer, and has not transferred, patents or patent applications having Necessary Claims for the purpose of circumventing this Section 3.2. In the event of a transfer of patents or patent applications having Necessary Claims, the Member agrees to provide notice to the transferee of the patent disclosure and licensing declaration under Article 4 and to provide notice to the Corporation of the transfer." Dkt. No. 82-2 at 6. Atlas is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations and characterizations in this paragraph concerning the Wi-Fi Alliance IP Policy, and therefore denies them.

**FIRST COUNTERCLAIM (BREACH OF CONTRACT)**

28. Atlas incorporates by reference the preceding Paragraphs regarding Sercomm's counterclaims as if fully set forth herein.

29. Atlas is without knowledge or information sufficient to form a belief as to the truth of the allegations and characterizations in this paragraph concerning the IEEE's FRAND policy, and therefore denies them. The remaining allegations in this paragraph are legal conclusions to which no response is required or are otherwise denied.

30. Atlas is without knowledge or information sufficient to form a belief as to the truth of the allegations and characterizations in this paragraph concerning the IEEE's FRAND policy, and therefore denies them. The remaining allegations in this paragraph are legal conclusions to which no response is required or are otherwise denied.

31. Atlas is without knowledge or information sufficient to form a belief as to the truth of the allegations and characterizations in this paragraph concerning the IEEE's FRAND policy and/or the Wi-Fi Alliance IP Policy, and therefore denies them. The remaining allegations in this paragraph are legal conclusions to which no response is required or are otherwise denied.

32. Atlas is without knowledge or information sufficient to form a belief as to the truth of the allegations and characterizations in this paragraph concerning the IEEE's FRAND policy and/or the Wi-Fi Alliance IP Policy, and therefore denies them. The remaining allegations in this paragraph are legal conclusions to which no response is required or are otherwise denied.

33. Admitted that Atlas has filed a lawsuit against Sercomm. Denied that Atlas breached any contractual obligations regarding FRAND.

34. Denied.

**SECOND COUNTERCLAIM (PROMISSORY ESTOPPEL)**

36. Atlas incorporates by reference the preceding Paragraphs regarding Sercomm's counterclaims as if fully set forth herein.

37. Admitted that Newracom submitted a March 11, 2015 Letter of Assurance. Dkt. No. 82-1. The remaining allegations in this paragraph are legal conclusions to which no response is required or are otherwise denied.

38. Atlas is without knowledge or information sufficient to form a belief as to the truth of the allegations and characterizations in this paragraph concerning the Wi-Fi Alliance IP Policy, and therefore denies them. The remaining allegations in this paragraph are legal conclusions to which no response is required or are otherwise denied.

39. Atlas is currently aware that Section G of the March 11, 2015 Letter of Assurance states: "By signing this Letter of Assurance, you represent that you have the authority to bind the Submitter and all Affiliates (other than those Affiliates excluded above) to the representations and commitments provided in this LOA and acknowledge that users and implementers of the [Proposed] IEEE Standard identified in part C above are relying or will rely upon and may seek enforcement of the terms of this LOA." Dkt. No. 82-1 at 4. Atlas is without knowledge or information sufficient to form a belief as to the truth of the allegations and characterizations in this paragraph concerning Sercomm and Newracom. The remaining allegations in this paragraph are legal conclusions to which no response is required or are otherwise denied.

40. Atlas is without knowledge or information sufficient to form a belief as to the truth of the allegations and characterizations in this paragraph concerning Sercomm, and on that basis denies them.

41. Denied.

**THIRD COUNTERCLAIM (PROMISSORY ESTOPPEL)**

42. Atlas incorporates by reference the preceding Paragraphs regarding Sercomm's counterclaims as if fully set forth herein.

43. Admitted that the First Amended Complaint alleges Sercomm infringes based on its products that comply with the 802.11ax standard. *See* Dkt. No. 33. The remaining allegations in this paragraph are legal conclusions to which no response is required or are otherwise denied.

44. The allegations in this paragraph are legal conclusions to which no response is required or are otherwise denied.

45. Admitted that the First Amended Complaint asserts seven patents. Dkt. No. 33. Otherwise, denied.

46. Admitted that Atlas's website currently states: "Atlas Global Technologies licenses its over 300 issued and pending patents worldwide, including over 175 issued US patents, 126 of which are Wi-Fi 6 Standard Essential. These patents cover innovations in key advances of WiFi technology in the 802.11ax standard (Wi-Fi 6) wireless local area network (WLAN) technology." https://atlasglobaltechnologies.com/. The remaining allegations in this paragraph are legal conclusions to which no response is required or are otherwise denied.

47. The allegations in this paragraph are legal conclusions to which no response is required or are otherwise denied.

48. Denied.

## PRAYER FOR RELIEF

Atlas opposes all relief requested by Sercomm, and denies that Sercomm is entitled to any of the relief set forth in Sercomm's requested relief "A-J."

## JURY DEMAND

Sercomm's demand for a jury trial does not contain any factual allegations to which Atlas is required to respond. Atlas has demanded a jury trial for its claims against Sercomm. *See* Dkt. No. 33 at 50.

Dated: December 5, 2022

Respectfully submitted,

*/s/ Eric Enger*
Max L. Tribble, Jr.
Texas State Bar No. 20213950
Joseph S. Grinstein
Texas State Bar No. 24002188
Alejandra C. Salinas
Texas State Bar No. 24102452
**SUSMAN GODFREY, LLP**
1000 Louisiana Street, Suite 5100
Houston, Texas 77002
Telephone: (713) 651-9366
Facsimile: (713) 654-6666
mtribble@susmangodfrey.com
jgrinstein@susmangodfrey.com
asalinas@susmangodfrey.com

Kalpana Srinivasan
California State Bar No. 237460
Oleg Elkhunovich
California State Bar No. 269238
**SUSMAN GODFREY, LLP**
1900 Avenue of the Stars, 14th Floor
Los Angeles, CA 90067
Telephone: (310) 789-3100
Facsimile: (310) 789-3150
ksrinivasan@susmangodfrey.com
oelkhunovich@susmangodfrey.com

Michael F. Heim
Texas State Bar No. 09380923
Eric J. Enger
Texas State Bar No. 24045833
Blaine A. Larson
Texas State Bar No. 24083360
Alden G. Harris
Texas State Bar No. 24083138
William B. Collier, Jr.
Texas State Bar No. 24097519
**HEIM, PAYNE & CHORUSH, LLP**
1111 Bagby, Suite 2100
Houston, Texas 77002
Telephone: (713) 221-2000
Facsimile: (713) 221-2021
mheim@hpcllp.com

eenger@hpcllp.com
blarson@hpcllp.com
aharris@hpcllp.com
wcollier@hpcllp.com

T. John Ward, Jr.
Texas Bar No. 00794818
Email: jw@wsfirm.com
Andrea L. Fair
Texas Bar No. 24078488
Email: andrea@wsfirm.com
**WARD, SMITH & HILL, PLLC**
1507 Bill Owens Parkway
Longview, Texas 75604

S. Calvin Capshaw
Texas State Bar No. 03783900
Elizabeth L. DeRieux
Texas State Bar No. 05770585
**CAPSHAW DeRIEUX, LLP**
114 E. Commerce Ave.
Gladewater, TX 75647
Telephone: (903) 845-5770
Email: ccapshaw@capshawlaw.com

*ATTORNEYS FOR ATLAS GLOBAL TECHNOLOGIES LLC*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record are being served with a copy of the foregoing document via the Court's CM/ECF system per Local Civil Rule CV-5(b)(2) on December 5, 2022.

*/s/ Eric J. Enger*
Eric J. Enger